UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - X
                                          :
UNITED STATES OF AMERICA                  :
                                          :   **INDICTMENT**
        - v. -                            :
                                          :   **17 CRIM 417**
ALI KOURANI,                              :
        a/k/a "Ali Mohamad Kourani,"      :
        a/k/a "Jacob Lewis,"              :
        a/k/a "Daniel,"                   :
                                          :
                    Defendant.            :
- - - - - - - - - - - - - - - - - - - - - X

## COUNT ONE

(Provision of Material Support to Hizballah)

The Grand Jury charges:

1.     From at least in or about 2002, up to and including in or about September 2015, in the Southern District of New York, Lebanon, and elsewhere, and in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, who was first arrested in the Southern District of New York, knowingly did provide and attempt to provide, and aided and abetted the provision of, "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, Hizballah, which has been



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **JUN 2 8 2017**

designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the Immigration and Nationality Act ("INA"), and is currently designated as such as of the date of the filing of this Indictment, including, among other things, personnel, knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that Hizballah engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that Hizballah engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(A), (d)(1)(C), (d)(1)(D), (d)(1)(E), (d)(1)(F), (d)(2), 3238, and 2.)

## COUNT TWO

(Conspiracy to Provide Material Support to Hizballah)

The Grand Jury further charges:

2.     From at least in or about 2002, up to and including in or about September 2015, in the Southern District of New York, Lebanon, and elsewhere, and in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, who was first

2

arrested in the Southern District of New York, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment.

3.    It was a part and an object of the conspiracy that ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, and others known and unknown, would and did agree to provide Hizballah with material support and resources, including personnel, knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that Hizballah engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that Hizballah engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

#### Overt Acts

4.    In furtherance of the conspiracy and to effect the
illegal object thereof, ALI KOURANI, a/k/a "Ali Mohamad Kourani,"
a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, and others
known and unknown, committed the overt acts set forth below, among
others:

a.    From at least in or about 2009, up to and
including at least in or about September 2015, KOURANI conducted
surveillance of U.S. military and intelligence outposts in New
York City, as well as airports in New York City and another
country, in support of anticipated terrorist attacks by
Hizballah's Islamic Jihad Organization.

b.    In or about July 2011, KOURANI attended a
military training camp in the vicinity of Birkat Jabrur, Lebanon,
which was operated by Hizballah's Islamic Jihad Organization,
where KOURANI was provided with military-tactics and weapons
training.

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(A),
(d)(1)(C), (d)(1)(D), (d)(1)(E), (d)(1)(F), (d)(2), and 3238.)

4

**COUNT THREE**

(Receipt of Military-type Training from Hizballah)

The Grand Jury further charges:

5.   In or about 2011, in Lebanon and elsewhere, and in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, who was first arrested in the Southern District of New York, knowingly received military-type training from and on behalf of Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment, knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339D(c)(4)), that Hizballah engages and has engaged in terrorist activity (as defined in section 212 of the INA), and that Hizballah engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), to wit, KOURANI received training in the use of weapons and military tactics from other members of Hizballah.

(Title 18, United States Code, Sections 2339D(a), (b)(1),
(b)(3), (b)(4), (b)(5), (b)(6), 3238, and 2.)

## COUNT FOUR

(Conspiracy to Receive Military-type Training from Hizballah)

The Grand Jury further charges:

6.      In or about 2011, in Lebanon and elsewhere, and ·in
an offense begun and committed outside of the jurisdiction of any
particular State or district of the United States, ALI KOURANI,
a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel,"
the defendant, who was first arrested in the Southern District of
New York, and others known and unknown, knowingly did combine,
conspire, confederate and agree together and with each other to
receive military-type training from and on behalf of Hizballah,
which has been designated by the Secretary of State as a foreign
terrorist organization since 1997, pursuant to Section 219 of the
INA, and is currently designated as such as of the date of the
filing of this Indictment.

7.      It was a part and an object of the conspiracy that
ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis,"
a/k/a "Daniel," the defendant, and others known and unknown, would
and did receive military-type training from and on behalf of
Hizballah, knowing that Hizballah was a designated foreign
terrorist organization (as defined in Title 18, United States Code,
Section 2339D(c)(4)), that Hizballah engages and has engaged in

terrorist activity (as defined in section 212 of the INA), and
that Hizballah engages and has engaged in terrorism (as defined in
section 140(d)(2) of the Foreign Relations Authorization Act,
Fiscal Years 1988 and 1989), in violation of Title 18, United
States Code, Section 2339D.

8.    In furtherance of the conspiracy and to effect the
illegal object thereof, ALI KOURANI, a/k/a "Ali Mohamad Kourani,"
a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, and others
known and unknown, committed the overt acts set forth in paragraph
4 above, which are fully incorporated by reference herein, among
others.

(Title 18, United States Code, Sections 371, 2339D(a), (b)(1),
(b)(3), (b)(4), (b)(5), (b)(6), and 3238.)

## COUNT FIVE

(Conspiracy to Possess, Carry, and Use Machine Guns and
Destructive Devices During and in Relation to Crimes of
Violence)

The Grand Jury further charges:

9.    From at least in or about 2002, up to and including
in or about September 2015, in the Southern District of New York,
Lebanon, and elsewhere, and in an offense begun and committed
outside of the jurisdiction of any particular State or district of
the United States, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a
"Jacob Lewis," a/k/a "Daniel," the defendant, who was first

arrested in the Southern District of New York, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 924(c).

10.    It was a part and an object of the conspiracy that ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, and others known and unknown, during and in relation to a crime of violence for which KOURANI may be prosecuted in a court of the United States, namely, the offenses charged in Counts One, Two, Three, and Four of this Indictment, would and did use and carry machine guns and destructive devices, to wit, firearms that were capable of automatically firing more than one shot without manual reloading through a single function of the trigger, including an AK-47 assault rifle, an MP5 submachine gun, and a Russian PKS machine gun, and destructive devices, including rocket-propelled grenade launchers ("RPGs"), and, in furtherance of such crimes of violence, possess machine guns and destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

## COUNT SIX

(Making or Receiving a Contribution of Funds, Goods, and
Services to and from Hizballah)

The Grand Jury further charges:

11. From at least in or about 2002, up to and including
in or about September 2015, in the Southern District of New York,
Lebanon, and elsewhere, and in an offense begun and committed
outside of the jurisdiction of any particular State or district of
the United States, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a
"Jacob Lewis," a/k/a "Daniel," the defendant, a United States
person, who was first arrested in the Southern District of New
York, willfully attempted to and did make and receive a
contribution of funds, goods, and services to and for the benefit
of, as well as from, Hizballah, a specially designated terrorist,
in that KOURANI attempted to and did provide to Hizballah personnel
and services, and received funds from Hizballah.

(Title 50, United States Code, Section 1705(a); Title 18, United
States Code, Sections 3238 and 2; and Title 31, Code of Federal
Regulations, Sections 595.204, 595.205, and 595.311.)

## COUNT SEVEN

(Conspiracy to Make or Receive a Contribution of Funds, Goods, and Services to and from Hizballah)

The Grand Jury further charges:

12. From at least in or about 2002, up to and including in or about September 2015, in the Southern District of New York, Lebanon, and elsewhere, and in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, a United States person, who was first arrested in the Southern District of New York, knowingly and willfully, along with others known and unknown, did combine, conspire, confederate, and agree together and with each other to make and receive a contribution of funds, goods, and services to and for the benefit of, as well as from, Hizballah, a specially designated terrorist, by agreeing with others to provide to Hizballah personnel and services, and to receive funds from Hizballah.

(Title 50, United States Code, Section 1705(a); Title 18, United States Code, Section 3238; and Title 31, Code of Federal Regulations, Sections 595.204, 595.205, and 595.311.)

## COUNT EIGHT

(Unlawful Procurement of Citizenship or Naturalization to
Facilitate an Act of International Terrorism)

The Grand Jury further charges:

13. In or about 2009, ALI KOURANI, a/k/a "Ali Mohamad
Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, in
the Southern District of New York and elsewhere, knowingly procured
and attempted to procure, contrary to law, the naturalization of
any person to facilitate an act of international terrorism as
defined in Title 18, United States Code, Section 2331, to wit,
KOURANI submitted a naturalization application for himself
containing false statements relating to, among other things, his
membership in and provision of material support and resources to
Hizballah.

(Title 18, United States Code, Sections 1425(a), 3291, and 2.)

### FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH FOUR

14. As a result of planning and perpetrating Federal
crimes of terrorism against the United States, as defined in Title
18, United States Code, Section 2332b(g)(5), as alleged in Counts
One, Two, Three, and Four of this Indictment, ALI KOURANI, a/k/a
"Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the
defendant, shall forfeit to the United States, pursuant to Title
18, United States Code, Section 981(a)(1)(G) and Title 28, United

11

States Code, Section 2461(c), any and all assets, foreign and domestic, of the defendant; any and all assets, foreign and domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating said offense; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting or concealing said offenses; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit said offenses, including but not limited to a sum of money in United States currency representing the total amount of the defendant's assets.

## FORFEITURE ALLEGATION AS TO COUNT FIVE

15. As a result of committing the firearm offense charged in Count Five of this Indictment, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offense charged in Count Five of this Indictment.

## FORFEITURE ALLEGATION AS TO COUNTS SIX AND SEVEN

16. As a result of committing the offenses alleged in Counts Six and Seven of this Indictment, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the

12

defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts Six and Seven of this Indictment, including but not limited to a sum or money representing the amount of proceeds obtained as a result of the offenses.

## FORFEITURE ALLEGATION AS TO COUNT EIGHT

17. As a result of committing the offense alleged in Count Eight of this Indictment, ALI KOURANI, a/k/a "Ali Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

13

## Substitute Assets Provision

18.    If any of the above-described forfeitable property,
as a result of any act or omission of ALI KOURANI, a/k/a "Ali
Mohamad Kourani," a/k/a "Jacob Lewis," a/k/a "Daniel," the
defendant:

> a.    cannot be located upon the exercise of due
> diligence;
>
> b.    has been transferred or sold to, or
> deposited with, a third person;
>
> c.    has been placed beyond the jurisdiction of the
> Court;
>
> d.    has been substantially diminished in value; or
>
> e.    has been commingled with other property which
> cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United
States Code, Section 853(p), and Title 28, United States Code,
Section 2461(c), to seek forfeiture of any other property of the
defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982(a) and 924(d);
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461(c).)

FOREPERSON

JOON H. KIM_{SSB}
Acting United States Attorney

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALI KOURANI,
a/k/a "Ali Mohamad Kourani,"
a/k/a "Jacob Lewis,"
a/k/a "Daniel,"

Defendant.

### INDICTMENT

17 Cr.

(18 U.S.C. §§ 371, 2339B, 2339D, 924(o),
1425(a); 50 U.S.C. § 1705(a).)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.

6-28-17    Filed True Bill
FT         Filed Indictment

Fox
1/5 MT