UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                :

UNITED STATES OF AMERICA

                :

   - v. -

                :

ALI KOURANI                                                         Case No. 17 Cr. 417 (AKH)

                :

   Defendant.

                :

                :

............................................................................ X

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT ALI KOURANI'S
# <u>MOTION TO DISMISS</u>

Alexei Schacht
Attorney at Law
123 West 94th Street
New York, New York 10025
(646) 729-8180

*Attorney for Defendant Ali Kourani*

**INTRODUCTION**

Defendant Ali Kourani respectfully moves this Court for an Order dismissing the indictment against him because the Government violated promises to him that what he said to the FBI would remain confidential and would not be used against him in order to arrest him and charge him with crimes. These promises were broken and while I have not seen the Grand Jury minutes it is obvious from the Complaint in the case that most, if not all, of the evidence against him in this indictment comes from his own words.

Therefore, the Government, as represented by the FBI, broke its promises to the defendant and the indictment should be dismissed.

**ARGUMENT**

I. **THE INDICTMENT OUGHT TO BE DISMISSED BECAUSE THE GOVERNMENT VIOLATED ITS PROMISE TO MR. KOURANI THAT HIS PRE-ARREST STATEMENTS WOULD NOT BE USED AGAINST HIM AND THAT HE WOULD NOT BE CHARGED BASED UPON INFORMATION THAT WOULD BE GIVEN TO THE FBU THE DEFENDANT**

It is well settled that the government may in its discretion make agreements in which it exchanges various levels of immunity from prosecution for the defendant's cooperation. *United States v. Pelletier*, 898 F.2d 297, 301 (2d Cir.1990). These agreements are to be interpreted according to principles of contract law. *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.1990). The terms of the agreement govern both the conditions constituting breach or performance and the remedies available in the event of a breach. *Pelletier*, 898 F.2d at 301-02; *see also United States v. Khan*, 920 F.2d 1100, 1105 (2d Cir.1990).

Here, the Government repeatedly tried to get the defendant to talk. He was offered money and other benefits but always refused. Eventually he got a lawyer to insure that he would get his

family safety and security and to make sure that what he said would not be sued against him. The Government agreed to not repeat what he said to anyone, other than the interviewing agents' supervisors and to not use what he said against him. They did not condition these promises on the defendant doing anything other than talking to them. He fulfilled his end of the bargain and met with the agents 5 times. His lawyer tried in a very badly worded document to memorialize the fact there would be no prosecution. That this document was poorly written is not the defendant's fault. The defendant spoke **ONLY** because he was promised non-prosecution. Significantly, the Government certainly did not respond in writing that they did not agree to not prosecute the defendant. The Government obviously breached this promise.

Interpretation of immunity agreements are always more difficult when they are mainly oral. However, courts have considered unwritten immunity agreements in the past. *See United States v. Nersesian*, 824 F.2d 1294, 1320 (2d Cir.1987); *United States v. Heatley*, 39 F.Supp.2d 287, 299 (S.D.N.Y.1998). The Court should do so in this case and must be attentive to the fact that the state shoulders the "burden of any lack of clarity in [the] agreement, and [that] ambiguities are to be resolved in favor of defendant." *Pelletier*, 898 F.2d at 302 (*citing Innes v. Dalsheim*, 864 F.2d 974, 979 (2d Cir.1988)). Any lack of clarity in what was promised, therefore, should be resolved in the defendant's favor.

This is particularly the case here where the statements were made only because of the promises and would otherwise be involuntary (as argued in our simultaneously filed motion to suppress the statements, should your Honor not dismiss the indictment).

## **CONCLUSION**

For the foregoing reasons, Mr. Kourani respectfully requests that this Court dismiss the indictment.

Dated: January 8, 2018
New York, New York

                                           ALEXEI SCHACHT ATTORNEY AT LAW

                                     By:    /s/ Alexei Schacht

                                                  Alexei Schacht
                                                  alexei@schachtlaw.net
                                                  123 West 94th Street
                                                  New York, New York 10025
                                                  Tel: (646) 729-8180

                                                  *Attorney for Defendant Ali Kourani*

TO:    A.U.S.A. Emil Bove
          A.U.S.A. Amanda Houle
          U.S. Attorney's Office for the Southern District of New York
          One St. Andrews Plaza
          New York, NY 10007