UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                              :

UNITED STATES OF AMERICA

                              :

  - v. -

                              :

ALI KOURANI                                         Case No. 17 Cr. 417 (AKH)

                              :

  Defendant.

                              :

                              :
............................................................................ X

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT ALI KOURANI'S
# MOTION FOR A BILL OF PARTICULARS AND DISCOVERY

 

Alexei Schacht
Attorney at Law
123 West 94th Street
New York, New York 10025
(646) 729-8180

*Attorney for Defendant Ali Kourani*

## PRELIMINARY STATEMENT

Defendant Ali Kourani respectfully moves this Court for an Order requiring the Government to produce a Bill of Particulars and discovery pursuant to Rules 7 and 14 of the Federal Rules of Criminal Procedure.

## STATEMENT OF FACTS

Mr. Kourani is charged in a multi-count indictment with providing material support to a terrorist organization and related charges. The allegations span a thirteen-year period from 2002 to 2015. The charges include his allegedly having provide material support but the indictment does not specify what this support allegedly consisted of exactly when it was provided.

Mr. Kourani is also alleged to have conspired to have made or received funds, goods or services to or from Hezbollah but the indictment does not specify whether he conspired to make or receive funds, goods or services and what and when in that thirteen year period he provided these things.

Without such detail it will be difficult if not impossible to defend against charges outlined in a vaguely worded indictment that spans more than a decade.

## ARGUMENT

**I.   MR. KOURANI IS ENTITLED TO A BILL OF PARTICULARS SPECIFYING EVIDENCE AGAINST HIM**

On October 10, 2017, Mr. Kourani's counsel sent counsel for the government a request for a Bill of Particulars with respect to the Superseding Indictment (Schacht Decl. Ex. A). The government has yet to respond to the request.

1

Mr. Kourani asks the government to specify what evidence will be used against him to prove his alleged role in the conspiracy. Without such evidence, Mr. Kourani does know with "sufficient particularity the nature of the charge pending against him," preventing him from adequately preparing a defense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

Specifically, Mr. Kourani requests that the Government be ordered to produce those specific statements or events that establish the details of any material support for a foreign terrorist organization that Mr. Kourani allegedly provided. In addition, Mr. Kourani requests that the Government be ordered to produce information detailing the facts underlying the charge that he supported Hezbollah with goods, funds or services.

## II. MR. KOURANI IS ENTITLED TO KNOW THE IDENTITIES OF THE INFORMANT WITNESSES AGAINST HIM

It is well established that where an informant's testimony may be "relevant and helpful to the defense of an accused" his identity must be disclosed. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). Under *Roviaro*, there is no fixed rule with respect to disclosure of a confidential informant, although four considerations are relevant: (1) the crime charged; (2) the possible offenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors. *Id*. at 62-64. In a case such as this, the testimony of that informant is vital to the defense.

The informants, as here, may be percipient witnesses. Under *Roviaro*, the identity and whereabouts of such individuals must be revealed. The defendant respectfully requests that the Court permit defense counsel to question the informants before trial or, if they do not wish to be questioned, then we should at least be provided with their names and dates of birth so that we may investigate them properly before any possible trial in this matter. *See e.g. United States v.*

*Hernandez*, 608 F.2d 741 (9th Cir. 1979); *United States v. Bower*, 575 F.2d 499 (5th Cir.), *cert. denied*, 439 U.S. 983 (1978).

In *Callahan v. United States*, 371 F.2d 658 (9th Cir. 1967), the court held that both the defense and the prosecution had the right to interview witnesses before trial, and that exceptions to such rules were justifiable only by the clearest and most compelling circumstances. It is beyond dispute that witnesses to a crime are the property of neither the prosecution nor the defense, and that both sides have an equal right and should have and equal opportunity to interview them. For the reasons cited above, it is clear that the informant in this case is a material witness.

This Court also has considerable discretion in deciding whether an *in camera* hearing is necessary in determining when the government must release the informant's name and dates of birth to the defense. *See, e.g., United States v. Ordonez*, 722 F.2d 530, 540-41 (9th Cir. 1983).

We believe that we are unable to properly prepare for a trial if we are only given a few days or hours to investigate these witnesses before trial.

## CONCLUSION

For the foregoing reasons, Mr. Kourani respectfully requests that this Court require the government to produce a Bill of Particulars pursuant to Rules 7 and 14 of the Federal Rules of Criminal Procedure.

Dated: January 8, 2018
      New York, New York

                                            ALEXEI SCHACHT ATTORNEY AT LAW

                                            By:   /s/ Alexei Schacht

                                                    Alexei Schacht
                                                    alexei@schachtlaw.net
                                                    123 West 94th Street
                                                    New York, New York 10025
                                                    Tel: (646) 729-8180

                                            *Attorney for Defendant Ali Kourani*

TO:    A.U.S.A. Emil Bove
          A.U.S.A. Amanda Houle
          U.S. Attorney's Office for the Southern District of New York
          One St. Andrews Plaza
          New York, NY 10007