

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 23, 2018

<u>Via ECF & Facsimile</u>
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Fax: 212-805-7942

   Re: <u>United States v. Ali Kourani</u>, 17 Cr. 417 (AKH)

Dear Judge Hellerstein:

  On January 8, 2018, defendant Ali Kourani filed a motion to dismiss the Indictment and a motion to suppress his statements to the Federal Bureau of Investigation ("FBI") during the course of several meetings in 2017 (the "Motions"). In response to the Motions, the Court ordered a hearing to be conducted on March 26, 2018 (the "Hearing") to address whether "FBI agents offered [Kourani] immunity or indicated that his statements during these interviews could not be used against him at a future trial." (Dkt. No. 35). For the reasons set forth below, Kourani has impliedly waived the attorney-client privilege with respect to his prior attorney, Mark Denbeaux, Esq., by putting at issue in the Motions communications with and by Denbeaux. Accordingly, the Government respectfully requests that the Court issue the enclosed proposed Order, including the accompanying consent form, which would: (i) establish Kourani's informed, written consent with respect to the waiver; (ii) require that Denbeaux produce to both parties all documents relating to his representation of Kourani with respect to the issues raised in the Motions; and (iii) require that Denbeaux appear at the Hearing in the event that either party wishes to elicit testimony from him regarding the issues raised in the Motions.

  In support of the Motions, Kourani filed, among other things, a sworn declaration from himself (Dkt. No. 27) and a sworn declaration from Denbeaux (Dkt. No. 28). In these documents as well as the related motion papers, Kourani squarely put at issue his communications with Denbeaux, as well as communications involving Denbeaux on behalf of Kourani, relating to Kourani's 2017 meetings with the FBI. For example, while the crux of Kourani's Motions is that he was promised that his statements would "remain confidential" and that he "would not be prosecuted based upon the information that he provided" to the FBI (Dkt. No. 26 at 1), Kourani does not claim that anyone at the FBI promised those things to him directly. Instead, in his declaration, Kourani states that "*Denbeaux* told me that I would not be prosecuted for what I said at the meetings" with the FBI. (Dkt. No. 27, Kourani Decl. ¶ 12 (emphasis added)). Kourani further claims that *Denbeaux* told him in advance of the 2017 meetings with the FBI that "no one other than [the FBI agents'] supervisors would know about the meetings and that they would be confidential." (*Id.*). Denbeaux's declaration additionally alleges facts relating to multiple

Hon. Alvin K. Hellerstein  Page 2
February 23, 2018

interactions between himself and the FBI during the course of Denbeaux's representation of Kourani. (Dkt. No. 28, Denbeaux Decl. ¶¶ 2-9).

Kourani's arguments constitute an implied waiver of his attorney-client privilege with Denbeaux regarding the issues raised in the Motions. *See Graziose* v. *United States*, No. 03 Civ. 8109 (RWS), 2004 WL 102699, at *1 (S.D.N.Y. Jan. 21, 2004) ("The attorney-client privilege cannot be used as both 'a shield and a sword.' The privilege 'may implicitly be waived when a defendant asserts a claim that in fairness requires examination of protected communications.'" (quoting *United States* v. *Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991))). Nonetheless, consistent with orders issued by other courts in this District, and in an abundance of caution, the Government respectfully requests the relief set forth herein. *E.g.*, *United States* v. *Richards*, No. 14 Cr. 187 (SHS) (Dkt. No. 97). Indeed, Chief Judge McMahon has instructed that similar orders are a best practice in the analogous circumstance of a habeas petitioner seeking relief based on a claim of ineffective assistance of counsel. *See Douglas* v. *United States*, No. 09 Civ. 9566 (CM), 2011 WL 335861 (S.D.N.Y. Jan. 28, 2011).[1] Judge McMahon's opinion in *Douglas* includes a suggested form order, on which the Government's proposed Order is based.

In addition to making an explicit finding regarding the waiver, the Court should permit the Government to review Denbeaux's notes, files, and correspondence regarding his advice to Kourani and his communications with the FBI relating in any way to Kourani's 2017 meetings with the FBI, and to elicit testimony from Denbeaux at the Hearing should it choose to do so. Accordingly, the Government respectfully requests that Your Honor issue the enclosed Order, mandating that Denbeaux: (i) produce to both parties by March 23, 2018, any records relating to his advice to Kourani regarding the 2017 meetings with the FBI, including but not limited to any communications, reports, notes, memoranda, or files regarding Denbeaux's representation of

---

[1] As set forth in the Government's opposition to the Motions, Kourani had no constitutional right to counsel in the challenged meetings with the FBI, and therefore has no viable *Strickland* claim.

Hon. Alvin K. Hellerstein  Page 3
February 23, 2018

Kourani[2] and/or Denbeaux's communications with the FBI, *cf.* Fed. R. Crim. P. 26.2; and (ii) appear at the hearing so that he is available for testimony if either side wishes to elicit testimony from him.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By: _____/s/_____
    Amanda L. Houle
    Emil J. Bove III
    Assistant United States Attorneys
    (212) 637-2194 / 2444

Enclosure

Cc:    Alexei Marc Schacht
       (Via ECF)

---

[2] Kourani states in his declaration that he specifically engaged Denbeaux to represent him in connection with Kournani's interactions with the FBI. (Dkt. No. 27, Kourani Decl. ¶¶ 6-8). Thus, it does not appear that Denbeaux's representation of Kourani extended to matters outside those that will be the subject of testimony at the Hearing.