ALEXEI SCHACHT
Attorney at Law
123 West 94th Street
New York, New York 10025
Tel: (646) 729-8180
Fax: (212) 504-8341
alexei@schachtlaw.net
www.schachtlaw.net

February 28, 2018

*Via ECF*

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    United States v. Ali Kourani, 17 Cr. 417 (AKH)

Dear Judge Hellerstein:

    In lengthy and detailed legal arguments opposing our motion to suppress the Government repeatedly argued that whatever statements Mark Denbeaux made to the defendant are totally irrelevant and cannot be the basis for any suppression motion. One clear example is that the Government wrote that *"comments from Denbeaux … which are irrelevant to the analysis because Denbeaux was not a state actor"* (Government Memorandum in Opposition, Docket entry # 32 at page 26)(emphasis added). But, since the Court has determined that a hearing must be held the Government now argues that it must ask questions of Mr. Denbeaux about topics that it previously said were irrelevant but have somehow magically become relevant. The Government, in its letter, dated February 23, 2018 (Dkt. No. 36), does not explain why conversations between the defendant and his lawyer that were once irrelevant are now highly relevant and require the Court order and waiver it now seeks. Of course, on the other hand, our consistent position is that any promises made to Denbeaux by the FBI and repeated to the defendant are relevant attorney-client conversations that may be explored at the hearing.

    Furthermore, the Government also cites cases holding that attorney-client privilege cannot be used as a sword and a shield. The Court should not worry that that will occur here as the defense will call Mr. Denbeaux as a witness and so the Government will be permitted to ask him any questions relevant to the issues raised in the motion and which are appropriate based upon his direct examination. So certainly the defense and Government may ask Mr. Denbeaux what he told the defendant that the FBI told him and about anything that occurred

1

in front of the FBI agents. The proposed Court Order goes somewhat beyond that and is therefore objectionable inasmuch as it does not limit the questioning of the witness to issues raised in the motion and is more of an open-ended waiver.

Regarding Mr. Denbeaux's documents, we will provide copies of all written material in Mr. Denbeaux's possession relating to the subject matter of his testimony in advance of the hearing.

For our part, we ask that the Government make both interviewing agents, Shannon and Costello, available for the hearing. We also ask that the Government be ordered to provide us with copies of all paperwork, including and especially all hand-written notes, of FBI agents concerning all communications with Mr. Denbeaux and Mr. Kourani. The Government has already provided us with FBI Form 302s about these events but the original hand-written notes are always the best evidence of what the FBI claims was said contemporaneously. Moreover, in a case such as this, which hinges on exactly what was said to whom, the defense is entitled to this evidence. *See e.g.,* **United States v. Clark**, 385 F.3d 609, 619-20 (6th Cir. 2004)*; see also* **United States v. Vallee**, 380 F.Supp.2d 11 (D. Mass. 2005).

        Yours truly,

        /s/ Alexei Schacht

        Alexei Schacht

cc:    United States Attorney (*by ecf*)