

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 2, 2018

<u>Via ECF & Facsimile</u>
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Fax: 212-805-7942

    Re:    <u>United States v. Ali Kourani</u>, 17 Cr. 417 (AKH)

Dear Judge Hellerstein:

       The parties are currently scheduled to appear at a March 26, 2018 hearing (the "Hearing") to address the defendant's argument in his pretrial motions that FBI agents offered him immunity or otherwise indicated during a series of 2017 interviews that the defendant's statements would not be used against him. (*See* Dkt. No. 35). On February 23, 2018, the Government filed a letter arguing that the defendant has impliedly waived the attorney-client privilege with respect to his prior attorney, Mark Denbeaux, Esq., by putting at issue communications with and by Denbeaux. (Dkt. No. 36). Moreover, the Government requested that the Court enter a proposed order (the "Order") that would: (i) establish the defendant's informed, written consent with respect to the waiver; (ii) require that Denbeaux produce to both parties all documents relating to his representation of Kourani with respect to the issues raised in the Motions; and (iii) require that Denbeaux appear at the Hearing in the event that either party wishes to elicit testimony from him regarding the issues raised in the Motions. On February 29, 2018, the defendant filed a letter in which he concedes that he has waived privilege, at least as to communications with his attorney regarding promises made by the FBI, but objects to the Order. (*See* Dkt. No. 37). For the reasons set forth below, and those set out in the Government's February 23, 2018 letter, the Court should reject the defendant's arguments and issue the Order.

       *First*, in the defendant's February 29 letter, he argues that the Court should not enter the Order because, he claims, the Government has taken an inconsistent position as to the relevance of Denbeaux's statements. This argument should be rejected. The Government has not taken any inconsistent position. The Government maintains, as it did in its opposition brief, that a hearing is not necessary because, even accepting the facts alleged by the defendant, his motions fail as a matter of law. However, as the Court has granted the defendant's request for a hearing, it is of course appropriate to examine the accuracy and factual underpinnings of those allegations by the defendant. For example, the defendant's entire motion hinges on an alleged promise made to him by *Denbeaux* that the defendant's statements would not be used against him—a promise the defendant claims was first made to Denbeaux by the FBI. (*See, e.g.*, Dkt. No. 27, Kourani Decl. ¶ 12). While the law directs that Denbeaux could not bind the FBI by making such a promise to the defendant, the Government further believes that such a promise was never in fact made to

Denbeaux. Indeed, Denbeaux's sworn declaration fails to identify when or how the FBI made such a promise, and thus Denbeaux must be subject to vigorous questioning on this issue. In short, while the Government believes it should prevail as a matter of law in opposing the defendant's motions, it also believes that, following this Court's review of the testimony and evidence from the Hearing, the Government will prevail as a matter of fact that the FBI never promised (to anyone) the immunity the defendant now claims.

*Second*, the defendant argues that the Court should not enter the Order because the Order's description of the defendant's privilege waiver "goes somewhat beyond" the issues raised in the defendant's motions. This argument should likewise be rejected. The defense has not articulated what categories of communications could be captured by the Order that are not relevant to the defendant's motions, and the Government is aware of none. The defendant stated in his sworn declaration that he specifically engaged Denbeaux for the purpose of representing him in connection with the defendant's interactions with the FBI (Dkt. No. 27, Kourani Decl. ¶¶ 6-8), and those interactions are the basis for the defendant's motions. Contrary to the defense's present claims, the defendant's allegations are not limited to communications regarding any promises, and instead relate more broadly to the defendant's and Denbeaux's interactions with the FBI, and how those interactions purportedly impacted the voluntaries of the defendant's statements. As one example, in his sworn declaration, Denbeaux makes allegations regarding a discussion with the FBI about the FBI's interest in the defendant (Dkt. No. 28, Denbeaux Decl. ¶ 2), and thus, Denbeaux should be required to turn over any notes of that conversation, and any subsequent communications with the defendant regarding the same. Ultimately, because the defendant's motions rest on his and Denbeaux's interactions with the FBI, Denbeaux must be subject to questioning regarding those interactions and any communications he had with the defendant relating to those interactions. Moreover, any of Denbeaux's notes or communications that fail to reference or describe the alleged promise are probative of the Government's position that no such promise existed. Accordingly, the Order appropriately requires the defendant to waive privilege regarding the defendant's 2017 meetings with the FBI, and orders Denbeaux to produce all records regarding the same.

*Third*, in objecting to imposition of the Order, the defendant fails to address the well-established practice in this District of issuing similar orders in advance of evidentiary hearings where an attorney must testify—a practice that was formally recommended by Chief Judge McMahon in *Douglas* v. *United States*, No. 09 Civ. 9566 (CM), 2011 WL 335861 (S.D.N.Y. Jan. 28, 2011). The defendant offers no justification for why this Court should depart from that practice. As Judge McMahon emphasized in *Douglas*, such orders ensure that defendants understand the implications of waiving privilege, and that attorneys can testify without concern for violating any professional or ethical obligations. Here too, the Order appropriately advises the defendant of the consequences of his waiver, confirms his intention to move forward with the Hearing despite that waiver, defines the scope of the waiver, and instructs Denbeaux to make himself available, and produce underlying records regarding his representation of the defendant in connection with the 2017 meetings with the FBI. The Order serves the parties, and the interests of efficiency, in making the Court's expectations clear and ensuring that Denbeaux is able to testify freely and with the defendant's knowing consent.

*Finally*, as the defendant intends to call Denbeaux as a witness,[1] the defendant is obligated to produce Denbeaux's prior statements and communications relating to the subject matter of Denbeaux's testimony, pursuant to Federal Rule of Criminal Procedure 26.2. The Government will likewise make disclosures consistent with the *Jencks* Act, including hand-written notes, for its intended witnesses, Special Agents Joseph Costello and Keri Shannon. *See* Fed. R. Crim. P. 26.2; 18 U.S.C. § 3500.

For all of the reasons set forth above, and those set out in the Government's letter of February 23, 2018, the Government respectfully requests that the Court enter the Order.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By:     /s/
    Amanda L. Houle
    Emil J. Bove III
    Assistant United States Attorneys
    (212) 637-2194 / 2444

Enclosure

Cc:     Alexei Marc Schacht
    (Via ECF)

---

[1] The Government appreciates that the defendant has confirmed that he will call Denbeaux as a witness, thus ensuring that Denbeaux will be available to testify at the Hearing. The Government notes, however, that should the Court limit the Government's cross-examination of Denbeaux to issues raised on direct examination, the Government may seek to call Denbeaux separately to question him on any other matters relevant to the factual questions before the Court.