UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................................X
                                              :
                                              :
                                              :
UNITED STATES OF AMERICA,                     :   17 Cr. 417 (AKH)
                                              :
        -against-                             :   ECF Case
                                              :
ALI KOURANI,                                  :
        Defendant.
                                              
...............................................................................X


MOTION FOR AN ORDER FINDING THAT PRIOR DEFENSE COUNSEL
PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL




ALEXEI SCHACHT ATTORNEY A LAW

Alexei Schacht
123 West 94th Street
New York, New York 10025
(646) 729-8180
F: (212) 504-8341
alexei@schachtlaw.net

Attorney for Defendant Ali Kourani

This motion seeks an Order from the Court finding that prior counsel, Mark Denbeaux, provided ineffective assistance of counsel to Mr. Kourani and asks that following a hearing the Court fashion a remedy for this violation of the defendant's rights. Because the Court is familiar with the facts in the case this application will only highlight those that relate to this motion.

The FBI agents manipulated the defendant and his former lawyer into having the defendant make self-incriminating statements in a series of five non-custodial interviews. These illegally obtained[1] statements now form the heart of the case against the defendant, as revealed in the complaint that quotes extensively from these interviews. His lawyer should never ever have allowed these meetings to occur without first obtaining the benefits of a standard "proffer" agreement from the Government (a copy of such an agreement with the client's name redacted is attached as Exhibit A). That decision – to not get a proffer agreement from the prosecutors – has no possible rationale or strategic justification and amounts to the ineffective assistance of counsel. Such an agreement would have prevented the exact harm that occurred in this case.

During the suppression hearing Mr. Denbeaux testified that he trusted the FBI to not arrest or use the defendant's statements against him. Yet he offered no rationale whatsoever for the decision to not obtain a proffer agreement, Indeed, he seemed to believe that no agreement was necessary because the agents gave Mr. Denbeaux their word that the meetings would remain confidential. This was a colossal legal mistake for which there is simply no excuse. Denbeaux has admitted as much under oath (Suppression hearing at pages 186-189).

---

[1] The Court denied our motion seeking a finding that the statements were involuntarily obtained but we maintain that these statements were involuntarily made because, among other things, the FBI falsely promised that they would remain "confidential."

1

The right to the effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (*citing* **Strickland v. Washington**, 466 U.S. 668, 687 (1984)). For Kourani to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland*, 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (*quoting Strickland*, 466 U.S. at 688). In addition, the performance of counsel under Strickland should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" Id. at 523 (*quoting Strickland*, 466 U.S. at 689).

As discussed above, there is simply no justification for this patently deficient performance. According to the Government the defendant confessed to several crimes while sitting unprotected next to his lawyer. There was every reason to have first obtained a proffer agreement and no reason to have not gotten one. The FBI was eager to speak to the defendant having repeatedly sought to speak with him in Lebanon and Chicago and New York. Had it been asked for, a proffer agreement would have been rapidly provided and the interviews would have happened just the same. But there would have been no jeopardy that he would be arrested based upon his own statements.

With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the

2

proceeding." *Id*. at 693. The harm to the defendant is obvious and this prong is satisfied – the defendant was charged with very serious crimes based solely upon his own statements. No more serious harm is imaginable.

Significantly, there is no evidence in the record despite the Court's finding that Denbeaux supposedly knew that getting immunity was impossible that there was any strategy involved in the decision to not obtain a proffer agreement from the Government (Suppression hearing at page 344-345). Denbeaux simply thought that no proffer agreement was needed. The legal problem now for the defendant is that the Sixth Amendment right to counsel "attaches only at or after the time that adversary judicial proceedings have been initiated…." *Kirby v. Illinois*, 406 U.S. 682 (1972).

In this case, the legally ineffective assistance was provided before the filing of charges against him. So, first of all, we seek a finding that Mr. Denbeaux provided legally ineffective counsel. Second we seek a remedy for this failure of prior counsel despite the fact that the defendant's right to counsel had not yet attached. What is the basis for seeking this relief despite the fact that the right to counsel had not yet attached?

First, the egregious fact pattern here is so much worse than the facts in any other reported case of which I am aware that it cries out for some relief. The defendant was a person about whom the government had no probable cause; he sought legal advice about getting his relatives moved to safety in the United States in exchange for information he might provide. He approached a lawyer for help to get his children to safety without causing himself legal jeopardy. But he did not obtain a proffer agreement from an Assistant United States Attorney even though this was obviously the only sensible legal strategy for any experienced criminal law practitioner. Under these circumstances the law cannot allow the defendant to potentially be convicted of crimes that carry potential sentences of life imprisonment. If there is no

3

remedy then the "law is an ass." Charles Dickens, *Oliver Twist* .

Second, under some rare circumstances courts can fashion unusual remedies where lawyers provide ineffective assistace of counsel. For example, in ***Unites States v. Fernandez***, No. 98 CR. 961 (JSM), 2000 WL 534449 (S.D.N.Y. May 3, 2000), Judge Martin in this District gave a defendant a reduced sentence to compensate for his lawyer's ineffectiveness in failing to discuss the possibility of cooperation with the defendant possibly as a result of the ineffective lawyer having conflict of interest.

For the foregoing reasons, Ali Kourani respectfully moves for: 1) an Order determining that the defendant was given legally ineffective assistance of counsel, and 2) the Court to hold a hearing after which it will fashion some remedy for the harm to the defendant, and for any other relief this Court deems just and proper.

Dated: December 7, 2018
New York, New York

                                              ALEXEI SCHACHT ATTORNEY AT LAW

                                      By:    */s/ Alexei Schacht*

                                              Alexei Schacht
                                              alexei@schachtlaw.net
                                              123 West 94th Street
                                              New York, New York 10025
                                              Tel: (646) 729-8180
                                              Fax: (212) 504-8341
                                              alexei@schachtlaw.net

                                              Attorney for Defendant Ali Kourani

TO:    A.U.S.A. Emil Bove
         A.U.S.A. Amanda Houle
         U.S. Attorney's Office for the Southern District of New York
         One St. Andrews Plaza
         New York, NY 10007