UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

                    -against-

                                                          17 Cr. 417 (AKH)

ALI KOURANI,

                    Defendant.
------------------------------------------------------------------X


### DEFENDANT'S MOTIONS IN LIMINE TO:


1)   HAVE A JURY CHARGE REGARDING THE WEIGHT, IF ANY, TO BE GIVEN TO
     THE DEFENDANT'S STATEMENTS TO THE FBI;

2)   TO ALLOW THE DEFENSE TO ARGUE TO THE JURY THAT THE DEFENDANT'S
     STATEMENTS ARE NOT SUFFICENTLY CORROBORATED TO PERMIT A
     FINDING OF GUILT (AND FOR A JURY CHARGE ON THE ISSUE OF
     STATEMENT CORROBORATION)


                                        Alexei Schacht, Esq.
                                        Attorney for Ali Kourani
                                        123 West 94th Street
                                        New York, New York 10025
                                        Tel: (646) 729-8180
                                        Fax: (212) 504-8341
                                        alexei@schachtlaw.net


April 1,  2019

## MOTION IN LIMINE NUMBER ONE:

## HAVE A JURY CHARGE REGARDING THE WEIGHT, IF ANY, TO BE GIVEN TO THE DEFENDANT'S STATEMENTS TO THE FBI

Since the Court held a pretrial hearing on our motion to suppress the defendant's statement, the Court is aware of issues that might be raised at trial concerning the voluntariness of the defendant's statements, or the weight they should be accorded. In that vein, the Court should give an instruction to the jury during the trial regarding the prosecution's introduction of the defendant's statements. Specifically, the below language should be included since the defendant has raised a colorable question of whether the statements were given voluntarily.

PROPOSED CHARGE LANGUAGE: *It is for you to decide (1) whether the defendant made the statements that the FBI agents testified that he made, and (2) if so, how much weight, if any, to give them. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.*

In *Crane v. Kentucky*, 476 U.S. 683 (1986), the Supreme Court noted that the pretrial determination that the defendant's confession is voluntary is not conclusive and held that the trial court violated the defendant's constitutional rights when it precluded the defendant from introducing evidence relating to the circumstances of the confession at trial. The evidence "will often be germane to its probative weight, a matter that is exclusively for the jury to assess." *Id*. at 688. Congress has spoken to this issue in 18 U.S.C. § 3501(a), which provides in part: "[T]he trial judge shall permit the jury to hear relevant evidence on the issue of

voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

Therefore, we seek an *in limine* ruling on the issue of whether this charge will be given and to permit the defense to argue that voluntariness is an issue they may consider.

## MOTION IN LIMINE NUMBER TWO:

### TO ALLOW THE DEFENSE TO ARGUE TO THE JURY THAT THE DEFENDANT'S STATEMENTS ARE NOT SUFFICENTLY CORROBORATED TO PERMIT A FINDING OF GUILT (AND FOR A JURY CHARGE ON THE ISSUE OF STATEMENT CORROBORATION)

A defendant may not be convicted based solely upon his own statements made to law enforcement. *See Opper v. United States*, 348 U.S. 84, 93 (1954). In this case, we believe that there will be insufficient evidence to corroborate statements allegedly made by the defendant to permit a conviction. Therefore, we ask that we be allowed to make this argument to the jury and that the Court instruct the jury on this point of law.

A Second Circuit case, *United States v. Gargiso*, 456 F. 2d 584 (2d Cir. 1972), is instructive. That case involved defendants trafficking in stolen goods. One of the counts alleged possession of stolen shoes and was based on the defendant's own statements to that effect. But he appealed his conviction on, among other points, that the confession was not sufficiently corroborated. The Second Circuit ruled that, on the contrary, it was corroborated and the Court listed a series of facts that tended to show the trustworthiness of the defendant's own words. The Court found that to corroborate such an admission, the Government need not produce independent evidence of every specific element of the crime. Rather, the Court held that the Government, need only produce substantial independent

evidence which, taken together with the admission, establishes all elements of the crime and the admission's trustworthiness. *See also **Smith v. United States***, 348 U.S. 147, 152-153 (1954) (admission or confession of defendant, without sufficient independent corroborating evidence, not adequate to establish material elements of an offense); *see also **United States v. Tourine***, 428 F.2d 865, 867-868 (2d Cir. 1970), cert. denied, 400 U.S. 1020 (1971) .

With this law as background, we propose that the following language be charged to the jury, and that we be permitted to argue to the jury that there was insufficient corroboration of the statements attributed to the defendant.

PROPOSED CHARGE LANGUAGE: *Under our law, a person may not be convicted of an offense solely upon evidence of a confession or admission made by that person, without additional proof that the offense charged has been committed. This law is designed to make sure that a person is not convicted, by his own words, of a crime that did not take place. Thus, you may not convict the defendant solely on his own statements. There must be some additional proof that the crime charged were committed.*

Therefore, we seek an *in limine* ruling on the issue of whether this charge will be given.

4

## CONCLUSION

The Court should grant the relief requested in the above motions i*n limine*.

Dated: April 1, 2019
New York, New York

Respectfully submitted,


*/s/ Alexei Schacht*

Alexei Schacht
ALEXEI SCHACHT ATTORNEY OF LAW
123 West 94th Street
New York, New York 10025
Telephone: (646) 729-8180
Facsimile: (212) 504-8341
alexei@schachtlaw.net