UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        -v.-<br><br>ALI KOURANI,<br>   a/k/a "Ali Mohamad Kourani,"<br>   a/k/a "Jacob Lewis,"<br>   a/k/a "Daniel,"<br><br>                      Defendant. | 17 Cr. 417 (AKH) |

**THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTIONS *IN LIMINE***

                                                                            GEOFFREY S. BERMAN
                                                                            United States Attorney Southern
                                                                            District of New York
                                                                            *Attorney for the United States*
                                                                                  *of America*

Emil J. Bove III
Amanda L. Houle
      Assistant United States Attorneys
        *Of Counsel*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

DISCUSSION ........................................................................................................................ 2

   I.   The Court Should Instruct the Jury That the Defendant's Confessions Are Admissible and May Be Relied Upon ........................................................................................................ 2

      A. The Court Should Adopt the Government's Proposed Instruction Regarding the Defendant's Confessions ................................................................................................ 3

         1. The Government Does Not Object to an Instruction Regarding the Weight to Be Given the Defendant's Confessions, Though One Is Not Required ............................................. 3

         2. The Government's Proposed Instruction Properly Advises the Jury of the Admissibility of the Defendant's Confessions ..................................................................................... 4

      B. The Court Should Reject the Defendant's Proposed Instruction Regarding the Weight to Be Given His Confessions ............................................................................................ 7

   II.   Enforcement of the Corroboration Rule Is a Gatekeeping Function for the Court and the Jury Should Not Be Instructed on This Issue ........................................................................ 9

      A. Applicable Law ........................................................................................................ 10

      B. Discussion ................................................................................................................ 11

         1. The Defendant's Proposed Instruction Is Inaccurate and the Court Should Not Instruct the Jury Regarding the Corroboration Rule ....................................................................... 11

         2. The Defendant's Admissions Are Sufficiently Corroborated ...................................... 14

CONCLUSION .................................................................................................................... 18

**INTRODUCTION**

The Government respectfully submits this memorandum in opposition to the defendant's April 1, 2019 motions *in limine*. (Dkt. No. 80). In his motions, the defendant requests two jury instructions, each of which reflects an inaccurate statement of the law and would improperly direct the jury to consider whether the Government has presented corroborating evidence of the defendant's 2017 confessions to the Federal Bureau of Investigation (the "FBI"). The law is clear: the Court alone will enforce the "corroboration rule" by making admissibility determinations—not reasonably in doubt here—related to the confessions, and in connection with any motions by the defendant pursuant to Federal Rules of Criminal Procedure 29 and 33. The issue for the jurors, as finders of fact, is whether the Government has met its burden of proof beyond a reasonable doubt with evidence the Court determines to be admissible. Accordingly, for the reasons set forth below, the Government respectfully requests that the Court:

1. Adopt the following proposed jury instruction relating to the defendant's confessions, which includes an instruction (as requested by the defendant) that the jury give such weight to the statements as it sees fit under all of the circumstances, and also makes clear that the defendant's confessions are admissible:

   *You have heard evidence of certain statements allegedly made by the defendant to the FBI. Evidence of these statements was properly admitted in this case, and may be properly considered by you. No one's rights were violated and the Government's use of this evidence is entirely lawful. Whether you approve or disapprove of the use of these statements may not enter into your deliberations. Ultimately, you are to give the statements such weight, if any, as you feel they deserve in light of all the circumstances.*

2. Reject the defendant's two proposed jury instructions, each of which includes an improper and incorrect direction to consider whether the defendant's confessions have been corroborated by other evidence rather than focusing the jurors on the sole issue to be addressed, which is whether the Government has met its burden of proof.

1

**DISCUSSION**

**I.     The Court Should Instruct the Jury That the Defendant's Confessions Are Admissible and May Be Relied Upon**

In his motion, the defendant stakes out his plan to attack the voluntariness of his confessions at trial and argues that, pursuant to 18 U.S.C. § 3501 ("Section 3501"), he is entitled to a jury instruction regarding the weight to be given his confessions. The defendant is wrong. The law of this Circuit is clear that a defendant who is not detained at the time of his confession is not entitled to such an instruction. Nonetheless, the Government does not object to an instruction regarding the defendant's statements that notes that the jury may give the statements whatever weight the jury believes is appropriate under all of the circumstances. Such an instruction, however, must also mitigate the risk of juror confusion arising from the defendant's attacks on the voluntariness of his confessions by making clear to the jurors that the confessions are properly in evidence. Accordingly, we propose below an instruction that accommodates the defendant's request for an instruction regarding the weight to be given to his confessions, is sensitive to the challenges the defendant intends to make regarding the voluntariness of his statements, and is in line with instructions delivered by dozens of courts in this District.

### A. The Court Should Adopt the Government's Proposed Instruction Regarding the Defendant's Confessions

The Government proposes the following instruction regarding the defendant's confessions to the FBI:

> *You have heard evidence of certain statements allegedly made by the defendant to the FBI. Evidence of these statements was properly admitted in this case, and may be properly considered by you. No one's rights were violated and the Government's use of this evidence is entirely lawful. Whether you approve or disapprove of the use of these statements may not enter into your deliberations. Ultimately, you are to give the statements such weight, if any, as you feel they deserve in light of all the circumstances.*

The Government's proposed instruction contains two components, each of which are addressed below: (i) a direction, consistent with the defendant's request, advising the jury to evaluate the weight to be given the defendant's confessions, and (ii) an instruction to the jury confirming that the defendant's confessions were properly admitted into evidence and may be relied upon.

#### 1. The Government Does Not Object to an Instruction Regarding the Weight to Be Given the Defendant's Confessions, Though One Is Not Required

Section 3501 directs that, where a trial judge has determined that a confession was made voluntarily, the judge shall (i) admit the confession into evidence; (ii) "permit the jury to hear relevant evidence on the issue of voluntariness"; and (iii) "instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." 18 U.S.C. § 3501(a). By its terms, Section 3501 does not apply to confessions made "without interrogation" or when the person making the confession "was not under arrest or other detention." *Id.* § 3501(d). The Second

Circuit has confirmed this interpretation.[1] In *United States v. Stevens*, for example, the Second Circuit affirmed a District Court's refusal to provide a jury instruction under Section 3501 because it "applies only to confessions made during interrogation following arrest or detention." 83 F.3d 60, 67 (2d Cir. 1996); *see also United States v. Rosario*, 5 F. App'x 38, 40 (2d Cir. 2001) (affirming district court's refusal to provide a Section 3501 jury instruction because "§ 3501 applies only to confessions made *during interrogation* following arrest or detention" (internal quotation marks omitted)); *United States v. Valdez*, 16 F.3d 1324, 1333 (2d Cir. 1994). Since Kourani was not under arrest or detained at the time of his confessions, Section 3501 does not apply.

Nonetheless, given the defendant's intent to challenge vigorously the voluntariness of his confessions, the Government does not object to an instruction that addresses the weight to be afforded to the defendant's statements. Accordingly, the Government's proposed instruction directs the jury to give such weight to the defendant's statements as the jury sees fit in light of all the circumstances.

### 2. The Government's Proposed Instruction Properly Advises the Jury of the Admissibility of the Defendant's Confessions

The defendant is clear that he intends to challenge the voluntariness of his confessions at trial. Such arguments, without proper guidance from the Court, will leave the jury confused about

---

[1] Other Courts of Appeals have held the same. *E.g.*, *United States v. Diezel*, 608 F.2d 204, 207 (5th Cir. 1979) (holding that Section 3501 does not apply where the confession "was not the result of interrogation or . . . was made when the suspect was not in custody"); *United States v. Bernett*, 495 F.2d 943, 971 (D.C. Cir. 1974) (same); *United States v. Houle*, 620 F.2d 164, 166 (8th Cir. 1980) (same).

whether the confessions were properly admitted in evidence. Accordingly, the Court should make clear to the jury that the defendant's confessions were obtained legally and are admissible.

While the defendant does not specifically identify the basis for his voluntariness challenge, based on prior arguments made by defense counsel, the Government assumes counsel will argue that the FBI interviews were involuntary because the FBI purportedly promised to keep the defendant's statements entirely confidential. The Court has rejected this argument and found that the defendant's statements were voluntary. *United States v. Kourani*, 17 Cr. 417 (AKH), 2018 WL 1989583 (S.D.N.Y. Apr. 26, 2018). The Court held that that the suppression-hearing testimony of the agents, the defendant, and Mark Denbeaux confirmed that "all parties understood the term 'confidentiality' to refer only to keeping the fact of [the defendant's] cooperation confidential from the Lebanese community," *id.* at *5 n.5, and that "[m]ore generalized confidentiality . . . was never discussed," *id.* at *2.

In response to the defendant's arguments at trial regarding voluntariness, the Government will present evidence demonstrating that the FBI never promised to keep the defendant's statements entirely confidential, and that the defendant never conditioned his meetings with the FBI on a promise of absolute confidentiality. In particular, the FBI agents who interviewed the defendant are expected to testify, as they did at the hearing, that they told the defendant only that they would make efforts to keep his attempted cooperation confidential from the Lebanese community, and that they regularly reminded the defendant that his information would be shared with other government entities and that his statements could be used against him in a perjury prosecution. The Government will also present evidence of Denbeaux's statements on behalf of Kourani, including written and verbal communications with FBI agents, such as the phone call in

5

which Denbeaux threatened to speak to the media about the FBI's handling of the interviews with the defendant. Denbeaux's statements are admissible pursuant to Federal Rule of Evidence 801(d)(2)(D) as statements by the defendant's agent. Fed. R. Evid. 801(d)(2)(D) (authorizing admission of statements against an opposing party that were "made by the party's agent or employee on a matter within the scope of that relationship and while it existed"); *see United States v. Amato*, 356 F.3d 216, 220 (2d Cir. 2004) (affirming admission of a letter written by defendant's prior attorney against the defendant pursuant to Rule 801(d)(2)(D)); *United States v. Mercado*, 02 Cr. 675 (WHP), 2003 WL 21756084, at *7 (S.D.N.Y. Jul 30, 2003) (admitting statements by defendant's prior attorney where statements were made when attorney was acting as defendant's agent to resolve legal dispute with a bank and were within the scope of that representation).

Ultimately, the defendant's intended arguments regarding the voluntariness of his statements are likely to confuse the jurors, leaving them to question whether the statements were properly admitted and whether they may rely upon them. Accordingly, the Court should resolve this confusion by instructing the jury on this matter. Such an instruction is consistent with the standard practice of courts in this District. An instruction nearly identical to the one proposed by the Government has been delivered by courts in a wide variety of criminal cases.[2]

---

[2] A few examples include the charges of Judge Sullivan in *United States v. Ullah*, 18 Cr. 16 (S.D.N.Y. 2018); Judge Oetken in *United States v. Mathews*, 18 Cr. 124 (S.D.N.Y. 2018); Judge Abrams in *United States v. Muraca*, 17 Cr. 739 (S.D.N.Y. 2018); Judge Preska in *United States v. Calix*, 13 Cr. 582 (S.D.N.Y. 2017); Judge Kaplan in *United States v. Sterling et ano.*, 16 Cr. 488 (S.D.N.Y. 2017); Judge Crotty in *United States v. Campo Flores et ano.*, 15 Cr. 765 (S.D.N.Y. 2016); and Judge Nathan in *United States v. Rawlins*, 15 Cr. 377 (S.D.N.Y. 2015). Pertinent excerpts of these charges are included as Exhibit A to this motion.

Moreover, the Second Circuit has indicated its approval of such an instruction where a defendant challenges the authority for a search or the voluntariness of a statement. In *United States v. Santiago*, the Second Circuit considered a challenge to a jury instruction directing that evidence obtained from a physical search was "properly admitted in this case and may be considered by [the jury]" and that, whether the jury "approve[d] or disapprove[d] of how [the evidence] was obtained should not enter into [the jury's] deliberations." 2 F. App'x 129, 130 (2d Cir. 2001). The *Santiago* court explained that an instruction regarding the admissibility of evidence is appropriate when the "circumstances of the underlying trial" indicate that jurors may question whether the evidence was properly admitted or whether they jury is permitted to rely on it. *Id.* In light of *Santiago*, the Government's proposed instruction is appropriate because the defendant is expected to "repeated[ly] challenge . . . the voluntariness of his post-arrest statements throughout the trial." *United States v. Barcelo*, 13 Cr. 38 (RJS), 2014 WL 4058066, at *14 (S.D.N.Y Aug. 15, 2014); *see also United States v. Sanders*, 196 F.3d 910, 914 (8th Cir. 1999) (holding that instruction regarding lawfulness of search and seizure was permissible where defendant's cross-examination of witnesses intimated that stop and search was unlawful (internal citations and quotation marks omitted)). Accordingly, the Court should adopt the Government's proposed instruction to ensure that the jury understands that the defendant's confessions were properly admitted into evidence and the jury may rely on those confessions as it sees fit.

### B. The Court Should Reject the Defendant's Proposed Instruction Regarding the Weight to Be Given His Confessions

The Court should reject the defendant's proposed instruction regarding the weight to be given his statements because it would improperly direct the jury to consider whether his

confessions are corroborated by other evidence, which is an issue for the Court not the jurors, and is inconsistent with the very statute upon which the defendant relies.

The defendant's proposed instruction should not be given to the jury because it directs the jurors to consider "any facts or circumstances tending to *corroborate or contradict* the version of events described in the statement" when evaluating the defendant's confessions. (Def. Mem. at 2 (emphasis added)). This instruction suggests to the jury that corroboration is necessary. For the reasons detailed below in Section II.B, that is incorrect and such an instruction would therefore be inaccurate, confusing, and improper. The defendant cannot back-door a corroboration instruction under the cover of addressing voluntariness.

Further undercutting the defendant's position is Section 3501, the main authority he cites in support of the requested instruction. As explained above, Section 3501 does not apply. Even if Section 3501 did apply, however, the statute does not go nearly as far as the defendant's proposed instruction. Section 3501 says nothing about considering corroboration of the substance of the confession. Section 3501, inapposite as it is under the circumstances presented, requires only that the Court instruct the jury "*to give such weight to the confession as the jury feels it deserves under all the circumstances.*" 18 U.S.C. § 3501(a). The Second Circuit has held time and again that, where a Section 3501 instruction is required (because the defendant's statements were made following arrest and in response to interrogation), that instruction is sufficient as long as it tracks the above language from the statute. *See United States v. Reed*, 572 F.2d 412, 427 (2d Cir. 1978) (rejecting challenge to jury instruction regarding voluntariness where the "charge was virtually identical to the language of [Section 3501]"); *see also United States v. Turner*, 266 F. App'x 19, 20 (2d Cir. 2008) ("In any event, the record reflects that the district court charged the

jury in conformity with 18 U.S.C. § 3501(a), which requires a trial judge to 'instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.'"); *United States v. Blash*, 43 F. App'x 399, 402 (2d Cir. 2002) (upholding district court's instruction under [Section 3501] to "give such weight to each defendant's statement as the jury felt the statement deserved in all the circumstances"). Thus, even if Section 3501 did apply, it would not require an instruction regarding corroboration as the defendant suggests.

\* \* \*

The defendant's proposed instruction should be rejected because it improperly instructs the jury to consider whether the evidence corroborates his confessions. Conversely, the Government's proposed instruction adopts the defendant's request for an instruction regarding the weight to be given his statements, is consistent with controlling law and this District's precedent, and ensures that the jury will not be confused regarding the admissibility of the defendant's confessions. For all of the reasons detailed above, the Government's instruction should be adopted by the Court and the defendant's proposal should be rejected.

## II. Enforcement of the Corroboration Rule Is a Gatekeeping Function for the Court and the Jury Should Not Be Instructed on This Issue

The Court should deny the defendant's request for an instruction regarding the corroboration rule. The proposed instruction reflects an inaccurate statement of the rule, which presents a legal issue to be addressed by the Court rather than the jury. Several Courts of Appeals have so held, and the defendant cites no case to the contrary. Finally, the defendant's admissions

to the FBI are detailed, reliable, and corroborated—and therefore sufficient to sustain the Government's burden of proof at trial.

### A. Applicable Law

"[T]he modern corroboration rule requires only that there be 'substantial independent evidence which would tend to establish the trustworthiness of the statement.'" *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 2000) (quoting *Smith v. United States*, 348 U.S. 147, 152 (1954)). Under this rule, admissions "can be divided into two categories":

> [1] those that bear insufficient indicia of reliability as proof of the defendant's commission of the offense to support a finding of guilt beyond a reasonable doubt, and [2] those that, considering the nature and the context of the defendant's words, demonstrate his commission of the offense so reliably that, without need of other supporting evidence, they can support a finding of guilt beyond a reasonable doubt.

*Id.* at 355. As to the second category, if "the defendant's statements, given their nature and context, can support a finding of guilt beyond a reasonable doubt, no further evidence is required." *Id.* The Second Circuit has deemed such statements "self-corroborating." *Id.*; *see also United States v. Muhammad*, 632 F. App'x 22, 23 (2d Cir. 2016) ("Such a confession, if proven reliable, may serve as the only evidence of the charged crime." (internal quotation marks omitted)).

To the extent corroboration is required, the "corroborating evidence need not prove the essential elements of the crime" and, rather, "must prove that the confession was reliable, and must prove any elements of the crime to which the defendant did not confess." *United States v. Irving*, 452 F.3d 110, 118 (2d Cir. 2006).

B.  **Discussion**

  1. **The Defendant's Proposed Instruction Is Inaccurate and the Court Should Not Instruct the Jury Regarding the Corroboration Rule**

The defendant's proposed instruction misstates the corroboration rule. Moreover, courts across the country have held that no instruction is necessary on this issue, and none of the defendant's cited authority supports his position.

The defendant is wrong that "a person may not be convicted of an offense solely upon evidence of a confession." (Def. Mem. at 4). The focus of the corroboration rule is on the reliability of the statements in question and not, as the defendant suggests, requiring additional proof supporting the substance of the admissions. The rule requires "only" that there be "substantial independent evidence which would tend to establish the *trustworthiness of the statement*." *Bryce*, 208 F.3d at 354 (emphasis added). Some statements—by themselves—"demonstrate [the defendant's] commission of the offense so reliably that, without need of other supporting evidence, they can support a finding of guilt beyond a reasonable doubt." *Id.* Accordingly, the defendant's proposed instruction reflects an inaccurate statement of the law. The jury's function is to evaluate whether the Government has met its burden of proof beyond a reasonable doubt, and it would be inappropriate to suggest to the jurors that some types of proof are entitled to more weight or deserve more focus than others.

For precisely this reason, trial courts play a "gatekeeping function" by enforcing the corroboration rule, which presents a legal issue, instead of putting that question to the finders of fact. *Id.* Prior to trial, the question is one of admissibility based on the preponderance standard. *E.g.*, *Bourjaily v. United States* 483 U.S. 171, 175 (1987). "It is well settled that preliminary facts relating to the admissibility of evidence are questions for the court and not for the jury." *United*

*States v. Dickerson*, 163 F.3d 639, 642 (D.C. Cir. 1999); *see also* Fed. R. Evid. 104(a), (c). The defendant has not suggested since the denial of his motion to suppress that his statements are inadmissible. Nor could he in light of the Court's ruling. After the Government offers evidence of the defendant's statements at trial, following the close of evidence, the defendant can bring a legal challenge based on the corroboration rule pursuant to Rules 29 or 33. Whether pursued as an admissibility challenge or a post-trial motion, however, "the issue of corroboration . . . is better decided by the judge and not the jury." *United States v. Howard*, 179 F.3d 539, 543 (7th Cir. 1999).

Consistent with these principles, the Second Circuit has held that it is not plain error to refrain from instructing the jury regarding the corroboration rule. *See United States v. Paracha*, 313 F. App'x 347, 351 n.2 (2d Cir. 2008). In *Paracha*, the court also noted that "all but one of the circuits to consider the issue have held that 'a district court is not obligated to instruct the jury to make a specific finding as to whether the government presented substantial independent evidence to corroborate the defendant's confession.'" *Id.* (quoting *Howard*, 179 F.3d at 543). Courts of Appeals in the First, Fourth, Seventh, and District of Columbia Circuits have all held that no instruction is required. *United States v. McDowell*, 687 F.3d 904, 912 (7th Cir. 2012) ("Following the lead of two other circuits, we concluded in *Howard* that the matter was better left to the trial judge, and that the standard instructions regarding the government's burden of proof and the presumption of innocence are generally sufficient."); *United States v. Abu Ali*, 528 F.3d 210, 234 n.8 (4th Cir. 2008) ("[A] number of our sister circuits have held that a court need not instruct juries on the corroboration rule, even if requested to do so."); *United States v. Dickerson*, 163 F.3d 639, 642 (D.C. Cir. 1999) ("[T]he jury need not be separately instructed on the issue for it is akin to

other admissibility issues, and therefore the trial judge alone decides whether the corroboration test has been met."); *United States v. Singleterry*, 29 F.3d 733, 738 (1st Cir. 1994) ("This has never been the law in the federal courts, and we decline to adopt such a rule today.").

The Sixth Circuit is the only court to have suggested that an instruction regarding the corroboration rule may be appropriate, and it did so under circumstances not present here. *See United States v. Marshall*, 863 F.2d 1285, 1288 (6th Cir. 1988). In *Marshall*, the court found that "[t]he government's *only* evidence that [narcotics] distribution may have occurred on that day is the defendant's ambiguous November 13 statements." *Id.* at 1286 (emphasis added). As a result, courts within and outside of the Sixth Circuit have cabined *Marshall* by observing that, in that case, there was "no corroborating evidence to bolster the defendant's statements." *Howard*, 173 F.3d at 544; *see also United States v. Harris*, 16 F.3d 1222, 1994 WL 47806, at *5 (6th Cir. 1995) (unpublished opinion) ("[*Marshall*] is distinguishable from the present case, because in *Marshall*, there was no corroboration of the crime except for the defendant's admission that he distributed the cocaine.").[3] In this case, unlike the "ambiguous" statements in *Marshall*, the defendant's statements during the course of five separate interviews with the FBI were specific, detailed, and highly incriminating. Moreover, as discussed in more detail in the next section, the circumstances

---

[3] *Accord United States v. Stines*, 313 F.3d 912, 2002 F. App'x 0413P (6th Cir. 2002) (unpublished opinion) ("As there is proof that criminal acts took place, the corroboration requirement is satisfied. Accordingly, the failure to give a special instruction about uncorroborated confessions in this case was not plain error."); *United States v. Matthews*, 25 F.3d 1051, 1994 WL 228226, at *3 (6th Cir. 1994) (unpublished opinion) ("No instruction was necessary here, however, because the rule that a jury must be instructed that it cannot find a defendant guilty solely on the basis of defendant's uncorroborated admissions applies only where the *corpus delicti* has not been established (citing *Marshall*)).

13

of the interviews support a finding that the defendant's statements were reliable, and several types of evidence corroborate his admissions.

Tacitly acknowledging these critical distinctions, the defendant does not even cite *Marshall*. Instead, he principally cites *United States v. Gargiso*, 456 F.2d 584 (2d Cir. 1972). (*See* Def. Mem. at 3-4). *Gargiso*, however, involved a "non-jury trial." 456 F.2d at 585. As a result, the opinion provides no guidance regarding jury instructions. Similarly silent on the topic of jury instructions are the Supreme Court cases the defendant cites. Indeed, it is "telling that in each of the Supreme Court's principal corroboration cases, the Court resolved the corroboration question on its own without any mention at all of the necessity of jury reconsideration." *Dickerson*, 163 F.3d at 642. Accordingly, because the defendant's proposed instruction is legally inaccurate and the Court must and will enforce the corroboration rule as a matter of law, the request for an instruction to the jury regarding the rule should be rejected.

**2. The Defendant's Admissions Are Sufficiently Corroborated**

The corroboration rule provides no refuge to the defendant because his admissions to the FBI bear adequate indicia of reliability, and the Government will adduce more than enough corroborating evidence at trial.

The defendant's statements are sufficiently reliable to be "self-corroborating." *Bryce*, 208 F.3d at 355. As the Court has already found, the defendant is "intelligent and well educated." *Kourani*, 2018 WL 1989583, at *4. At the time he made the statements, he "understood the situation he faced and had some level of familiarity with the FBI." *Id.* He was represented during the interviews by "smart, experienced counsel, with a deep background of representing controversial defendants and negotiating with the FBI and prosecutors." *Id.* at *5. He also

"reached out to the FBI to set up the interviews," which were conducted at his then-attorney's office. *Id.* During interviews, the defendant and his attorney marked photographs of the weapons Hizballah and the IJO trained the defendant to use, and the Government facilities that he surveilled as part of his terrorist activities. Following the defendant's arrest, while represented by new counsel, the defendant told the FBI and the Government that he had in fact done everything that he previously described to the FBI.[4]

The Government will also offer additional evidence at trial that augments the reliability of the defendant's admissions. Travel records corroborate the defendant's statements regarding his travel to Lebanon to meet with his IJO handler for the purposes of obtaining training and new taskings, and divulging to Hizballah information gathered in the United States. *See Irving*, 452 F.3d at 119 (reasoning that "passport, employment and ATM records are circumstantial evidence corroborating" defendant's statements). Immigration records relating to the defendant's applications for naturalization, a U.S. passport, and a U.S. passport card corroborate his statements that his handler instructed him to obtain these documents to improve his IJO cover and operational capabilities. The defendant told the FBI that his handler instructed him to naturalize and obtain a passport as soon as possible. Documentary evidence establishes that he applied for naturalization

---

[4] Thus, for the reasons set forth in the Government's April 1, 2019 motions *in limine*, to the extent the defense suggests at trial that the defendant's pre-arrest statements to the FBI were not reliable or lack corroboration, he will open the door to rebuttal in the form of testimony regarding the post-arrest proffer statements in which he confirmed the accuracy of his statements to the FBI in March and April 2017.

in 2008, which is the same year the IJO recruited him, and he applied for a passport on the same day in April 2009 that he was sworn in as a citizen.

Electronic evidence further corroborates the defendant's admissions. The defendant told the FBI that the IJO tasked him with identifying potential firearm suppliers in the United States. In November 2009, the defendant visited the website of a firearms manufacturer. In April and May 2012, the defendant conducted searches for sniper rifles and visited the website of a firearms retailer. In March 2013, the defendant conducted an Internet search for the address of one of the U.S. facilities that he later told the FBI he surveilled on behalf of the IJO.

The defendant's laptop also shows that he accessed a substantial amount of material relating to Hizballah, weapons, and violence, all of which is probative of, *inter alia*, his motive for supporting and providing services to Hizballah and the IJO and his culpable intent in doing so. *See, e.g.*, *United States v. Kaizu*, 559 F. App'x 32, 35 (2d Cir. 2014) (affirming admissibility of "lectures of radical cleric Anwar Al-Awlaki" listened to by defendant because probative of intent); *United States v. Abu-Jihaad*, 630 F.3d 102, 133 (2d Cir. 2010) (affirming admissibility of "pro-jihadist contents of videos" because such evidence was "relevant to understanding [defendant's] motive and intent"). The defendant conducted numerous searches and viewed Internet pages and videos related to Hizballah. In April 2013, the defendant also watched a foreign-language YouTube video that included the following statements:

> I saw the minarets with the projectiles hitting them / We should cut off the hands of those who did it / We sacrifice those necks for your grave / The blood has reached neck high, by God's power . . .
>
> Allah . . . We are ready . . . For death tonight.

> He who doesn't pull his weapon has no loyalty / The call for death has come aloud / Those who claimed willingness to standup should show themselves on the battlefield.

Later that month, the defendant watched a foreign-language YouTube video with jihad-themed song lyrics that included the following:

> Show us your wrath, come, show us / Bring your folly and fill the prisons with us / . . . On the route of jihad we are resolute / . . . And that our jihad for Allah will continue / Until the day of judgement, when we are the victors."

This and other evidence the Government will present at trial will offer ample evidence corroborating the reliability and substance of the defendant's admissions, and establishing the defendant's guilt beyond a reasonable doubt.

## **CONCLUSION**

For the foregoing reasons, the Court should adopt the Government's proposed jury instruction regarding the defendant's confessions to the FBI and reject the jury instructions proposed by the defendant in his motions *in limine*.

Dated: New York, New York
April 15, 2019

> Respectfully submitted,
>
> GEOFFREY S. BERMAN
> United States Attorney
> Southern District of New York
>
> By:    /s/
> Emil J. Bove III
> Amanda L. Houle
> Assistant United States Attorneys

Cc: Defense Counsel
(Via ECF)