```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA

 4              v.                              18 CR 16 (RJS)

 5   AKAYED ULLAH,
                                                Trial
 6                Defendant.

 7   ------------------------------x
                                                New York, N.Y.
 8                                              October 30, 2018
                                                12:00 p.m.
 9
     Before:
10
                HON. RICHARD J. SULLIVAN
11
                                                District Judge
12

13            APPEARANCES

14
     GEOFFREY S. BERMAN
15   United States Attorney for the
          Southern District of New York
16   SHAWN G. CROWLEY
     REBEKAH A. DONALESKI
17   GEORGE D. TURNER
          Assistant United States Attorneys
18

19   FEDERAL DEFENDERS OF NEW YORK, INC.
          Attorneys for Defendant
20   BY:  AMY GALLICCHIO
          JULIA GATTO
21        COLLEEN P. CASSIDY

22
     Also Present:
23
          JOHN MAURER - Special Agent, FBI
24        MICHAEL DELUCA - Paralegal, U.S. Attorney
          JASON T. FISCHER - Paralegal, Federal Defenders
25        CHIRAAYHU GOSRANI - Paralegal, Federal Defenders
```

1              There has been evidence in this case that the
2    defendant made statements to government and law enforcement
3    authorities.  Evidence of these statements is properly admitted
4    in this case and may properly be considered by you.  You are to
5    give those statements such weight as you feel they deserve in
6    light of all the circumstances.  Whether you approve or
7    disapprove of the use of these statements may not enter into
8    your deliberations.  I instruct you that no one's rights were
9    violated and that the government's use of this evidence is
10   entirely lawful.
11             You have heard testimony from four expert witnesses:
12   Aaron Zelin, Derrick McClarin, Robert Gillette, and Christopher
13   Rigopoulos.  An expert is a witness who by education or
14   experience has acquired learning or experience in a specialized
15   area of knowledge beyond the knowledge of the average juror.
16   Such witnesses are permitted to give their opinions as to
17   relevant matters in which they prove to be an expert and to
18   give their reasons for their views.
19             Your role in judging credibility applies to experts as
20   it does to any other witness.  You should consider the expert
21   opinions that were received in evidence in this case and give
22   them as much or as little weight as you think they deserve.
23             You have heard the testimony of law enforcement
24   witnesses.  The fact that a witness may be or has been employed
25   as a law enforcement officer does not mean that his or her

```
         I9OKMAT1

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                             18 CR 124 (JPO)

 5   LEONARD MATHEWS,

 6              Defendant.

 7   ------------------------------x

 8                                             New York, N.Y.
                                               September 24, 2018
 9                                             9:45 a.m.

10   Before:

11                       HON. J. PAUL OETKEN,

12                                             District Judge
                                                -And a Jury-
13

14                            APPEARANCES

15
     GEOFFREY S. BERMAN,
16        United States Attorney for the
          Southern District of New York
17   JUSTIN V. RODRIGUEZ
     DOMINIC GENTILE
18   EMIL BOVE
          Assistant United States Attorneys
19
     BRUCE K. KAYE
20        Attorney for Defendant

21
     ALSO PRESENT:
22
     SABRINA PARISI, USAO Paralegal
23   ELVIS COLE, NYPD

24

25            (Case called; jury pool not present)
```

1  opportunity or lack of opportunity to call any of these
2  witnesses.  Therefore, you should not draw any inference or
3  reach any conclusions as to what they would have testified to
4  had they been called.  Their absence should not affect your
5  judgment in any way.
6          You should, however, remember my instruction that the
7  law does not impose on a defendant in a criminal case the
8  burden or duty of calling any witness or producing any
9  evidence.  The burden remains with the government to prove the
10 guilt of the defendant beyond a reasonable doubt.
11         There has been evidence that the defendant made
12 statements to law enforcement authorities or other
13 investigators.  Evidence of these statements was properly
14 admitted in this case and may be properly considered by you.
15 You are to give the statements such weight as you feel they
16 deserve in light of all the evidence.
17         Whether you approve or disapprove of the use of these
18 statements may not enter into your deliberations.  I instruct
19 you that the statements were both made and obtained in a lawful
20 manner, and that no one's rights were violated, and the
21 government's use of the evidence is entirely lawful.
22         You have heard testimony that defendant made
23 statements in which the defendant claimed that his conduct was
24 consistent with innocence and not with guilt.  The government
25 claims that these statements in which the defendant exculpated

I7udmur1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

           v.                                S1 17 Cr. 0739(RA)

PATRICK MURACA,

              Defendant.
------------------------------x
                                             July 30, 2018
                                             9:55 a.m.

Before:

                  HON. RONNIE ABRAMS,

                                             District Judge

                       APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  DAVID ABRAMOWICZ
     KATHERINE REILLY
     CHRISTOPHER DiMASE
        Assistant United States Attorneys

BENNETT EPSTEIN
SARAH SACKS
     Attorneys  for Defendant

        - also present -

Sam Lachow, government paralegal

SA Jordan Anderson, FBI
```

1    other people are not on trial before you now.  Those matters
2    are wholly outside your concern and have no bearing on your
3    function as jurors in deciding the case before you.
4              Some of the exhibits that were admitted into evidence
5    were in the form of charts or summaries.  I decided to admit
6    these charts and summaries in place of, or in addition to the
7    underlying documents that they represent in order to save time
8    and avoid unnecessary inconvenience.  You should consider these
9    charts and summaries as you would any other evidence.
10             During the course of the trial, you have seen, among
11   the exhibits received in evidence, some documents that are
12   redacted.  Redacted means that part of the document was taken
13   out.  You are to certain yourself only with the part of the
14   item that has been admitted into evidence.  You should not
15   speculate as to any reason why the other part of it has been
16   redacted.
17             There has been no evidence that Mr. Muraca made
18   statements to law enforcement authorities.  ==Evidence of these==
19   ==statements was properly admitted in this case, and may be==
20   ==properly considered by you.==  ==You are to give the statements==
21   ==such weight as you feel they deserve in light of all of the==
22   ==evidence.==
23             ==Whether you approve or disapprove of the use of these==
24   ==statements may not enter into your deliberations.==  ==I instruct==
25   ==you that the statements were both made and obtained in a lawful==

1          manner, and that no one's rights were violated and the

2          government's use of this evidence is entirely lawful.

3                    You have heard testimony that Mr. Muraca made certain

4     statements in which he claimed that his conduct was consistent

5     with innocence and not guilt.  The government claims that these

6     statements in which Mr. Muraca exculpated himself are false.

7     If you find that Mr. Muraca gave a false statement in order to

8     divert suspicion from himself, you may, but are not required

9     to, infer that Mr. Muraca believed that he was guilty.  You may

10    not, however, infer on the basis of this alone that Mr. Muraca

11    is, in fact, guilty of the crimes for which he is charged.

12                   Whether the evidence as to Mr. Muraca's statements

13    shows that the defendant believed that he was guilty, and the

14    significance, if any, to be attached to any such evidence, are

15    matters for you, the jury, to decide.

16                   Under our Constitution, the defendant in a criminal

17    case never has any duty to testify or come forward with any

18    evidence.  This is because the burden of proof beyond a

19    reasonable doubt remains on the government at all times, and

20    the defendant is presumed innocent.  A defendant is never

21    required to prove that he or she is innocent.

22                   The defendant, Mr. Muraca, did not testify in this

23    case.  You may not attach any significance to that fact.  No

24    adverse inference against him may be drawn by you in any way

25    and you may not consider this fact against him in any way in

H9i2cal1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            13 CR 582 (LAP)

ANDRE CALIX,

                Defendant.

------------------------------x
                                          New York, N.Y.
                                          September 18, 2017
                                          10:00 a.m.


Before:

                    HON. LORETTA A. PRESKA

                                          District Judge


                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
NATHAN REHN
TIMOTHY V. CAPOZZI
BRENDAN QUIGLEY
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
ROBERT BAUM
SYLVIE LEVINE
IAN MARCUS AMELKIN


ALSO PRESENT:

JASON FLOYD, Special Agent, FBI
SARA GOMEZ, Paralegal, Federal Defenders of New York
JASON FISCHER, Federal Defenders of New York
ANDREW HAMILTON, Paralegal, USAO
```

1    find to be proven, such reasonable inferences as would be
2    justified in light of your experience.
3             Here, again, however, let me remind you that, whether
4    based on direct or circumstantial evidence or upon the logical
5    reasonable inferences drawn from such evidence, you must be
6    satisfied of the guilt of the defendant beyond a reasonable
7    doubt before you may convict.
8             You've heard evidence in the form of a stipulation of
9    fact.  A stipulation of fact is an agreement between the
10   parties that a certain fact is true.  You must regard such
11   agreed facts as true.  It is for you, however, to determine the
12   effect to be given to any stipulated fact.
13            There has been evidence that the defendant, Andre
14   Calix, made statements to law enforcement authorities.
15   Evidence of these statements was properly admitted in this case
16   and may properly be considered by you.  You are to give the
17   evidence of such statements such weight as you feel it deserves
18   in light of all of the evidence.  Whether you approve or
19   disapprove of the use of these statements may not enter into
20   your deliberations.  I instruct you that no one's rights were
21   violated, and that the government's use of this evidence is
22   entirely lawful.
23            There has been a great deal said in the openings and
24   the summations of counsel about whether various witnesses
25   should be believed.  I am sure it's clear to you by now that

```
H437STE1
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

            v.                              16 Cr. 488 (LAK)

KEVIN STERLING, ALONZO VERNON,

                Defendants.         Trial
------------------------------x

                                    New York, N.Y.
                                    April 3, 2017
                                    9:39 a.m.

Before:

                HON. LEWIS A. KAPLAN,

                                    District Judge,
                                       and a Jury

                    APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
BY:  DREW T. JOHNSON-SKINNER
     JUSTINA L. GERACI
     ANDREW C. ADAMS
     Assistant United States Attorneys

COLSON LAW PLLC
     Attorneys for Defendant Kevin Sterling
BY:  DEBORAH A. COLSON, ESQ.

CHARLES A. ROSS & ASSOCIATES, LLC
     Attorneys for Defendant Kevin Sterling
BY:  DOREA H. SILVERMAN, ESQ.

GEORGE R. GOLTZER, ESQ.
     Attorney for Defendant Alonzo Vernon

YING STAFFORD, ESQ.
     Attorney for Defendant Alonzo Vernon

ALSO PRESENT:   DARCI BRADY, Paralegal, USAO
                JARED TEPPERMAN, Detective, NYPD
                SARAH WALDRON, Paralegal, Defense
```

1  testify, and you may not consider the fact against either
2  defendant in any way in your deliberations in the jury room.
3           There has been evidence that one or both of the
4  defendants -- and your memory will serve you on this -- made
5  statements to law enforcement authorities.  Evidence of these
6  statements was properly admitted in this case and may be
7  properly considered by you, subject, of course, in the case of
8  the statement Mr. Sterling is said to have made at the time of
9  his arrest, only against him.  You are to give the evidence of
10 such statements such weight as you feel it deserves in light of
11 all the evidence.  Whether you approve or disapprove of the use
12 of those statements may not enter into your deliberations.  I
13 instruct you that no one's rights were violated and the
14 government's use of that evidence is entirely lawful.
15          You have heard evidence that Kevin Sterling left the
16 New York City area sometime after the June 1, 2016 shooting.
17 If proved, the flight of a defendant after he thinks he may be
18 accused of a crime may tend to prove that the defendant
19 believed he was guilty.  This may be weighed by you in this
20 connection together with all of the evidence.  However, a
21 departure from an area may be merely coincidence.  Even
22 intentional flight doesn't always reflect feelings of guilt.
23 Moreover, feelings of guilt which are present in many innocent
24 people do not necessarily reflect actual guilt.  You are
25 specifically cautioned that evidence of flight of a defendant

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

            v.                          15 Cr. 765 (PAC)

EFRAIN ANTONIO CAMPO FLORES and
FRANQUI FRANCISCO FLORES DE FREITAS,

            Defendants.
------------------------------x
                                        New York, N.Y.
                                        November 18, 2016
                                        9:43 a.m.
Before:

                    HON. PAUL A. CROTTY,

                                        District Judge

                        APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
EMIL J. BOVE III
BRENDAN F. QUIGLEY
     Assistant United States Attorneys

BOIES, SCHILLER & FLEXNER LLP
     Attorneys for Defendant Campo Flores
RANDALL W. JACKSON
JOHN T. ZACH
JOANNA CHRISTINE WRIGHT

SIDLEY AUSTIN LLP
     Attorneys for Defendant Flores de Freitas
DAVID M. RODY
ELIZABETH A. ESPINOSA
MICHAEL D. MANN

ALSO PRESENT:

ERIKA DE LOS RIOS
MIRTA HESS
Spanish Interpreters
```

1    your deliberations in the jury room.

2              Now there has been evidence that Mr. Campo Flores and

3    Mr. Flores de Freitas made certain factual admissions to

4    Special Agent Sandalio Gonzalez during the flight from Haiti to

5    Westchester on November 10, 2015.  For example, there are notes

6    of the defendants' statements that Special Agent Gonzalez

7    testified he took contemporaneously.  There are also

8    typewritten reports of the defendants' statements, dated three

9    and six days after the flight, that Special Agent Gonzalez

10   testified he prepared.  There are no audio recordings or audio

11   visual recordings of the defendants' statements; Special Agent

12   Gonzalez testified that he did not record them.

13             ==Now evidence of these statements was properly admitted==

14   ==in this case, and may be considered by you.==  ==You are to give==

15   ==the evidence of such statements such weight as you feel it==

16   ==deserves in light of the evidence.==  ==Whether you approve or==

17   ==disapprove of the use of these statements may not enter your==

18   ==deliberations.==  ==I instruct you that no one's rights were==

19   ==violated and that the government's use of this evidence is==

20   ==entirely lawful.==

21             I must emphasize that the evidence of

22   Mr. Campo Flores' statements to the authorities after his

23   arrest about his own conduct may not be considered or discussed

24   by you in any way with respect to Mr. Flores de Freitas.

25   Similarly, the evidence of Mr. Flores de Freitas' statements to

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                              15 CR 377 (AJN)

 5   STEVEN RAWLINS,

 6                   Defendant.

 7   ------------------------------x

 8                                              New York, N.Y.
                                                November 2, 2015
 9                                              9:40 a.m.

10
     Before:
11
                       HON. ALISON J. NATHAN,
12
                                                District Judge
13
                              APPEARANCES
14

15
     PREET BHARARA,
16        United States Attorney for the
          Southern District of New York
17   ANDREW J. DeFILIPPIS, ESQ.
     ANDREW BAUER, ESQ.
18        Assistant United States Attorney

19   BRAUN & ASSOCIATES
          Attorneys for Defendant
20   BY:  RICHARD J. BRAUN, ESQ.

21   SULLIVAN & BRILL, LLP
          Attorneys for Defendant
22   BY:  STEVEN G. BRILL, ESQ.

23   ALSO PRESENT:

24   CHRISTOPHER DELZOTTO, Special Agent, FBI
     MARY DIAZ, Paralegal Specialist, U.S. Attorney's Office
25   HOLLY MEISTER, Paralegal Specialist, U.S. Attorney's Office
```

1                Statements of the Defendant:  There has been evidence
2     that the defendant made certain statements to law enforcement
3     authorities.  Evidence of this statement was properly admitted
4     in this case and may be properly considered by you.  You are to
5     give the evidence of such statements such weight as you feel it
6     deserves in light of all of the evidence.  Whether you approve
7     or disapprove of the use of these statements may not enter into
8     your deliberations.
9                Persons Not on Trial or Not Indicted:  If you conclude
10    that other persons may have been involved in criminal acts
11    charged in the information, you may not draw any inference,
12    favorable or unfavorable, towards the government or the
13    defendant from the fact that certain persons other than the
14    defendant were not named as defendants in the information.  You
15    also may not speculate as to the reasons why other persons are
16    not on trial.  Those matters are wholly outside your concern
17    and have no bearing on your function as jurors.
18               Particular Investigative Techniques Not Required:  You
19    have heard reference in the arguments of defense counsel in
20    this case to the fact that certain investigative techniques
21    weren't used by law enforcement authorities.  There is no legal
22    requirement that the government prove its case through any
23    particular means.  While you are to consider carefully the
24    evidence presented by the government, you need not speculate as
25    to why the government used the techniques it did or why it did