ALEXEI SCHACHT

*Attorney At Law*

123 West 94th Street
New York, New York 10025
Phone: (646) 729-8180
Fax: (212) 504-8341
Email: alexei@schachtlaw.net
www.schachtlaw.net

April 17, 2019

*Via ECF*

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

 Re: United States v. Ali Kourani, 17 Cr. 417 (AKH)

Dear Judge Hellerstein:

This letter is written in response to the Government's motions *in limine*. Of the five separate motions, each having a corresponding Roman numeral, I shall address only the first two, to which we have objections.

The letter also includes a very brief reply to the Government's response (Document 86) to our motions *in limine*.

*RESPONSE TO THE GOVERNMENT'S MOTIONS IN LIMINE*

Two motions seek to prevent the defense from eliciting legal conclusions from witnesses about the alleged defendant's conduct and from presenting an advice of counsel defense.

We shall not rely upon an advice of counsel defense but we will seek to elicit testimony from the FBI, and possibly from Mark Denbeaux and/or the defendant, concerning advice that Denbeaux gave the defendant. To the extent that this opens the door to questioning witnesses about otherwise privileged conversations we would not object. But it is essential to the defense to elicit testimony about the defendant's state of mind when he met with the FBI. In particular, the Government will seek to prove that the defendant's statements are reliable as, for among other reasons, they were against his

1

penal interest. No one would say these things unless they were true and accurate, they will claim. We will seek to show that the defendant did not believe that anything he may have said was against his penal interest (other than for a false statement prosecution) and that, therefore, the statements are not reliable. We must be allowed to elicit proof concerning the bases for his thought process in this regard.

Rule 704(a) allows the admission of expert testimony that "embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). In other words, questions of fact that are committed to resolution by the jury are the proper subject of opinion testimony. However, opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible. *See* **United *States* v. Barile**, 286 F.3d 749, 760 (4th Cir.2002); **Okland Oil Co. v. Conoco, Inc.**, 144 F.3d 1308, 1328 (10th Cir.1998).

Here we shall not seek to have any witness qualified as an expert. We will simply seek to introduce evidence of facts that worked upon the defendant's state of mind. We will not seek to prove that the defendant is not guilty because some witness says that in his opinion he is not guilty.

*REPLY TO THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTIONS IN LIMINE*

On page 7 (page 5 of the document itself, but page 7 as filed) the Government makes the argument that the Court has already found that the defendant's statements were voluntarily made because the only promise the FBI made to the defendant was that the statements would not become known in the Lebanese community. As I have been repeating in many filings before the Court, this promise was obviously broken as the whole matter and my clients statements are now before the world, which includes the Lebanese community. Had this specific promise not been made the defendant would not have spoken to the FBI. That makes them involuntary. Neither the Government nor the Court has ever really addressed this specific point. We should be able to make the argument that they were involuntary made to the jury.

                            Very truly yours,


                            Alexei Schacht

cc:    A.U.S.A. Amanda Houle (via ecf)
       A.U.S.A. Emil Bove (via ecf)