UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ALI KOURANI,
    a/k/a "Ali Mohamad Kourani,"
    a/k/a "Jacob Lewis,"
    a/k/a "Daniel,"

                  *Defendant.*

17 Cr. 417 (AKH)

### Attorney-Client Privilege Waiver (Informed Consent)

To: Ali Kourani

    You have made a motion in connection with your upcoming trial of May 6, 2019 in which you request to admit evidence at trial relating to legal advice and representation that you received from Mark Denbeaux, Esq. (referred to in this form as "your former attorney"). In such motion, you have further indicated, through counsel, that you consent to questioning of witnesses regarding communications between you and your former attorney that relate to the legal advice that you received.

    If you wish to admit evidence at trial relating to legal advice and representation that you received from your former attorney, you have waived the attorney-client privilege you had with your former attorney regarding that legal advice and representation. This means that if you wish to press these arguments at trial and to elicit testimony regarding legal advice you received, you cannot keep the communications between yourself and your former attorney, and documents and other materials related to those communications, a secret. This form is designed to ensure that you fully understand and agree to this.

    Specifically, if you wish to proceed with your motion, you must sign this statement and return it to the Court (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications, including documents and other materials memorializing confidential communications, in response to a court order. The form also constitutes your consent to the Government's review of confidential communications between you and your former attorney that it has seized through the course of its investigation.

    You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also know that if you do not sign this authorization, the Court may not permit you to make the arguments and elicit the testimony requested in your motion. You must return this form, signed by you and notarized, by April 30, 2019.

## NOTARIZED AUTHORIZATION

I have reviewed with my current attorney this document titled Attorney-Client Privilege Waiver (Informed Consent) and the accompanying proposed Court Order. I hereby authorize my former attorney, Mark Denbeaux, Esq., to comply with any Court Order requiring him to provide documents and testimony relating to my motions and the arguments I seek to make at trial. This authorization allows my former attorney to provide documents and testify only pursuant to court order. I further hereby consent to the Government's review of my communications with Mr. Denbeaux relating to the advice he provided me, that were seized during the course of the Government's investigation, as directed in the Court's proposed Order.

Dated: 4/29/19

ALI KOURANI

Sworn to before me this 29th day of April, 2019

Notary Public

ALEXEI SCHACHT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC4964490
Qualified in New York County
My Commission Expires 06-30-2022

2