UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALI KOURANI,<br>    a/k/a "Ali Mohamad Kourani,"<br>    a/k/a "Jacob Lewis,"<br>    a/k/a "Daniel,"<br><br>                               *Defendant.* | **17 Cr. 417 (AKH)**<br><br>*Order Regarding waiver of Att'y-Client Privilege*<br><br>*(AKH)* |

WHEREAS, on April 17, 2019, Ali Kourani (the "Defendant") filed a letter requesting, among other things, to present evidence at the Defendant's May 6, 2019 trial (the "Trial") of advice that the Defendant received from his prior attorney, Mark Denbeaux, Esq. ("Prior Counsel") relating to meetings in 2017 with agents from the Federal Bureau of Investigation ("FBI");

WHEREAS, in his April 17, 2019 letter, the Defendant states that he intends to argue to the jury that his statements to the FBI were not reliable, in part, because of advice the Defendant received from Prior Counsel that impacted the Defendant's state of mind;

WHEREAS, in his April 17, 2019 letter, the Defendant further states that he consents to questioning of witnesses at Trial concerning privileged communications between the Defendant and Prior Counsel;

WHEREAS the defendant has executed the attached "Attorney-Client Privilege Waiver" form; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Prior Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.,* ABA Standing Comm. on Ethics and Prof.

Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that, pursuant to Federal Rule of Criminal Procedure 26.2, following his testimony, Prior Counsel shall produce to the Government and current counsel for the Defendant, all records and communications relating to Prior Counsel's advice to the Defendant regarding the 2017 meetings with the FBI, including but not limited to any communications such as text messages and emails, as well as any notes, reports, memoranda, or files regarding Prior Counsel's representation of the Defendant and/or Prior Counsel's communications with the FBI (the "Relevant Communications");

IT IS FURTHER ORDERED that, given the Defendant's express waiver of the attorney-client privilege, the Government may review any Relevant Communications already in its possession; and

IT IS FURTHER ORDERED that, at Trial, the Defendant and Prior Counsel may be questioned regarding discussions and communications relating to Prior Counsel's advice to the Defendant concerning the 2017 meetings with the FBI.

Dated: New York, New York
      May 1, 2019

HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

2