UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA

               -against-                                           17 Cr. 417 (AKH)

ALI KOURANI,

               Defendant.
-------------------------------------------------------------------X


### DEFENDANT'S POST-TRIAL MOTIONS UNDER RULES 29 AND 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Alexei Schacht, Esq.
Attorney for Ali Kourani
123 West 94th Street
New York, New York 10025
Tel: (646) 729-8180
Fax: (212) 504-8341
alexei@schachtlaw.net

June 8, 2019

Following the defendant's conviction by a jury we now file these two motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure to set aside and vacate that verdict of guilt. These motions assume that the reader has a full familiarity with the facts of the case.

### *The Rule 29 Motion*

To prevail on a Rule 29 motion, a defendant must show that "the evidence is insufficient to sustain a conviction. "[A] defendant making an insufficiency claim bears a very heavy burden." "The ultimate question is not whether [the court] beiieve[s] the evidence adduced at trial established the defendant's guilt beyond a reasonable doubt, but whether any rational trier of fact could so find." *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004). "In other words, the court may enter a judgment of acquittal only if the evidence that the defendant committed the crime is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."

Furthermore, in considering the sufficiency of the evidence, the court must view all of the evidence in the light most favorable to the government. A court must analyze the pieces of evidence not separately, in isolation, but together, in conjunction with one another. *Id.*

So how can it be under this exacting standard that the government failed to prove the defendant guilty by legally sufficient evidence? There can be no doubt that the argument that he is guilty at all rests solely upon the five statements that he made to the FBI in his lawyer's presence. Indeed, were that evidence removed from the case there would not even be probable cause to believe that he committed a crime at all. So the question becomes why should the Court find that these statements could not permit any rational trier of fact to find the defendant guilty?

The simple reason is that the statements were unreliable and insufficiently corroborated by any standard. The statements were unreliable because they were made in his lawyer's presence after being told that they would be kept confidential. Confidential is another word for private or not public, meaning that the statements would not be used against him. The Government has sought to argue, correctly, that no promise of immunity was ever made. But immunity is different from confidentiality. The defendant never sought immunity because he knew full well that there was no evidence against him, or at least insufficient evidence to charge him with any crime.

The FBI had been surveilling him for years and did not arrest him so obviously they had no legal reason to arrest him. All he cared about was that the statements would not be used against him; in other words that he would be given confidentiality. His lawyer obviously handled the case incompetently and did not get a formal proffer agreement as he should have (even though the FBI brought one to an early meeting to show the defendant what he might have obtained from the Government). But be that as it may, the defendant and his lawyer believed the FBI when they were promised confidentiality. So under that circumstance the defendant did not believe that what he would say would be used against him. That is different from immunity and the Court should not continue to allow the Government to conflate the two terms.

Therefore, believing these statements would not be used against him, there were none of the traditional bases for assuming these inculpatory statements were against penal interest, as the defendant did not believe that these statements would be used against him. Now, were the statements to be sufficiently corroborated by other evidence then the fact that the statements were not against penal interest might be of less import.

But the Government's basis for saying that he committed any crime here was twofold; that he received military training from Hezbollah and that he provided photographs and other intelligence about possible targets of attack and systems of defense in the United States. On these two points there was zero corroboration.

The Government introduced none of these alleged photographs and no evidence that he ever received any military training. They did prove that he knows people in Hezbollah or who might be sympathetic to Hezbollah but that is not illegal and was conceded by the defense. So there was no proof to corroborate any of the key facts that might make the defendant guilty.

In short, under the unique circumstances of this case the Government's evidence was insufficient to sustain a conviction.

*The Rule 33 Motion*

Rule 33 authorizes a court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This rule confers "broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). In evaluating the merits of a motion for a new trial, a court is permitted to "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Robinson*, 430 F.3d at 543 (quoting *Sanchez*, 969 F.2d at 1413). However, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." *Sanchez*, 969 F.2d at 1414. Ultimately, a court may grant a new trial where a guilty verdict constitutes "manifest injustice." Id.

Why is the verdict here a manifest injustice? The entire case revolved around the defendant's statements. The defense requested two jury instructions that would have formed the heart of the defense to the charges. But the Court denied the defense these charges, instructions to which the defendant was entitled, and the Court's decision simply gutted the defense. These two decisions denied the defendant a fair trial and caused a manifest injustice.

In ***Crane v. Kentucky***, 476 U.S. 683 (1986), the Supreme Court noted that the pretrial determination that the defendant's confession is voluntary is not conclusive and held that the trial court violated the defendant's constitutional rights when it precluded the defendant from introducing evidence relating to the circumstances of the confession at trial. The evidence "will often be germane to its probative weight, a matter that is exclusively for the jury to assess." ***Id***. at 688. Congress has spoken to this issue in 18 U.S.C. § 3501(a), which provides in part: "[T]he trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness." Here, the defense argued that had this specific promise of confidentiality not been made the defendant would not have spoken to the FBI. And that that promise made the statements involuntary. Neither the Government nor the Court has ever really addressed this specific point and we should have been able to make that argument to the jury. That would have formed the basis for the defense – that the statements should be ignored by as having been involuntarily made, and without that evidence there was no case.

Similarly, under our law, a person may not be convicted of an offense solely upon evidence of a confession or admission made by that person, without additional proof that the offense charged has been committed. Yet the Court denied us that jury charge as well and thus depriving the defense of another powerful argument that would have been based upon the Court's own charge to the jury.

Taken together, the Court's denial of these two defense jury instruction requests basically eviscerated any chance of an effective defense to the charges and created a manifest injustice.

## CONCLUSION

The Court should grant the relief requested in the above post-trial motions.

Dated:   June 8, 2019
         New York, New York

                                        Respectfully submitted,

                                        */s/ Alexei Schacht*

                                        Alexei Schacht
                                        ALEXEI SCHACHT ATTORNEY OF LAW
                                        123 West 94th Street
                                        New York, New York 10025
                                        Telephone: (646) 729-8180
                                        Facsimile: (212) 504-8341
                                        alexei@schachtlaw.net