```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-25-19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA                                      :
                                                              :
        -against-                                             :
                                                              :
ALI KOURANI,                                                  :
                                                              :
                                Defendant.                    :
                                                              :
------------------------------------------------------------- X

**ORDER DENYING
DEFENDANT'S POST-TRIAL
MOTIONS**

17 Cr. 417 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On May 16, 2019, a jury convicted Defendant Ali Kourani of eight terrorism-related offenses, including provision of material support to a foreign terrorist organization; receipt of military training from a foreign terrorist organization; conspiracy to use or carry a machinegun or destructive device in furtherance of terrorism offenses; willful violation of an executive order prohibiting provision of funds, goods, or services to a specially designated terrorist; and unlawful procurement of citizenship in order to facilitate acts of international terrorism.[1] The Defendant moves, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, to set aside the jury's guilty verdict and to enter an acquittal or, alternatively, to grant a new trial (ECF Nos. 119, 120). He argues that his inculpatory statements to the Federal Bureau of Investigation ("FBI") were insufficiently corroborated, and that the Court erroneously denied his requests for jury instructions regarding the corroboration and voluntariness of those statements. The Defendant's motions are denied. The Government presented sufficient corroborating evidence to sustain the jury's verdict, and the jury was properly instructed.

---

[1] In addition to finding the Defendant guilty of the substantive crimes of material support, receipt of military training, and violation of the executive order, the jury also convicted the Defendant of conspiracies to commit those crimes.

## Discussion

### I. Rule 29 Motion

"The modern corroboration rule requires only that there be substantial independent evidence which would tend to establish the trustworthiness of" a defendant's confession or inculpatory admission. *United States v. Irving*, 452 F.3d 110, 118 (2d Cir. 2006) (quoting *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 2000)) (internal brackets and quotation marks omitted). "The corroboration rule thus serves a 'gatekeeping function' in that it prevents juries from convicting on unreliable evidence." *Id.* (quoting *Bryce*, 208 F.3d at 354).

The Government presented substantial independent evidence to establish the trustworthiness of the Defendant's confessions. For example, stamps in the Defendant's Lebanese passport showing that the Defendant entered Lebanon on December 28, 2007 and left on January 26, 2008, GX 608 at 22, corroborate the Defendant's admission that he joined the Islamic Jihad Organization ("IJO") in 2008 during a trip to Lebanon.[2] Tr. 264-65. Similarly, travel records showing that the Defendant departed the United States on June 21, 2011 and returned on August 4, 2011, GX 601, corroborate the Defendant's admission that he received military training from the IJO in July 2011. Tr. 365. Additionally, electronic evidence showed that the Defendant conducted Google searches for 26 Federal Plaza and the 69th Regiment Armory in New York City, GX 401-C at rows 58-59, 86-88—two of the locations the Defendant admitted to surveilling on behalf of the IJO. Tr. 237. Electronic evidence also showed that the Defendant had the email addresses helal_kedal@hotmail.com and hilal.kdado@hotmail.com saved as contacts, GX 402-B at rows 51, 115, consistent with the Defendant's statement that his

---

[2] Although Defendant told the FBI in an earlier interview that he joined the IJO 2010, he later admitted to the FBI that his earlier statement was knowingly false, and that he joined the IJO in 2008. Tr. 361-62.

2

IJO handler set up an email account using the similar name of a childhood friend to correspond with the Defendant. Tr. 363, 410. This evidence and more in the record of trial sufficiently corroborate the Defendant's admissions to the FBI. His Rule 29 motion is denied.

## II. Rule 33 Motion

### a. Corroboration Instruction

The Defendant argues that the jury should have been instructed regarding the corroboration rule. He proposed the following instruction, which the Court declined to give:

> Under our law, a person may not be convicted of an offense solely upon evidence of a confession or admission made by that person, without additional proof that the offense charged has been committed. This law is designed to make sure that a person is not convicted, by his own words, of a crime that did not take place. Thus, you may not convict the defendant solely on his own statements. There must be some additional proof that the crime[s] charged were committed.

Def.'s Motion *in Limine*, ECF No. 80, at 4.

As stated above, the corroboration rule requires the trial court to perform a gatekeeping function, *i.e.*, to determine the admissibility of a defendant's inculpatory statements based on whether they are sufficiently corroborated. The rule does not affect the jury's role in determining what weight, if any, to give evidence and testimony that the Court has ruled admissible. Accordingly, as the preponderance of authority holds, no jury instruction regarding the corroboration rule is required. *See United States v. Paracha*, 313 F. App'x 347, 350 n.2 (2d Cir. 2008) (collecting cases from the First, Seventh, and D.C. circuits and noting that "all but one of the circuits to consider the issue have held that a district court is not obligated to instruct the jury to make a specific finding as to whether the government presented substantial independent evidence to corroborate the defendant's confession") (internal quotation marks omitted); *see also*

*United States v. Abu Ali*, 528 F.3d 210, 235 n.8 (4th Cir. 2008) (recognizing that "a number of our sister circuits have held that a court need not instruct juries on the corroboration rule, even if requested to do so."); *but see United States v. Marshall*, 863 F.2d 1285, 1288 (6th Cir. 1988) (reversing a conviction because the trial court failed to instruct the jury regarding the corroboration rule).

Here, the Court performed its gatekeeping function by (i) determining that the Defendant's inculpatory statements were sufficiently corroborated, and (ii) admitting testimony regarding those statements. The Court's decision not to instruct the jury regarding the corroboration rule was not error.

### b. Voluntariness Instruction

The Defendant argues that he "should have been able to make th[e] argument to the jury" that his statements to the FBI lacked credibility because he made them with the belief that the FBI would keep them confidential. Def.'s Br., ECF No. 120, at 5. But no one stopped him. The Defendant made his own choice not to call as a witness Mark Denbeaux, who represented him at his meetings with the FBI. The Court instructed the jury, consistent with earlier rulings, that evidence of the Defendant's statements "was properly admitted," and that the jury should "give the statements such weight, if any, as you feel they deserve in light of all the circumstances." Tr. 981. Later, in response to a request from the Defendant, the Court instructed the jury that "[t]he question whether he made statements and what use to make of them is your decision." Tr. 990. These instructions are consistent with the requirements of 18 U.S.C. § 3501(a), which provides that a trial judge admitting a confession "shall permit the jury

to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

The instructions given by the Court were not meaningfully different from those proposed by the Defendant. The Defendant proposed the following instructions:

> It is for you to decide (1) whether the defendant made the statements that the FBI agents testified that he made, and (2) if so, how much weight, if any, to give them. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

Def.'s Motion *in Limine*, ECF No. 80, at 2. Accordingly, the Court's instructions regarding how to evaluate the credibility of the Defendant's statements to the FBI were consistent both with applicable law and the instruction proposed by the Defendant. The Defendant's Rule 33 motion is denied.

## Conclusion

For the reasons stated, I deny the Defendant's motions to set aside the verdict under Rule 29 or to grant a new trial under Rule 33.

SO ORDERED.

Dated:  July 21, 2019
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge