USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

UNITED STATES OF AMERICA

    -against-

ALI KOURANI,

                     Defendant.

------------------------------------------------------------ X

**ORDER**

17 Cr. 417 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

In May 2019, Defendant Ali Kourani was convicted by a jury of eight terrorism-related offenses. *See* ECF No. 117, at 9-11. In July 2019, I denied Defendant's post-trial motion to set aside the verdict and for a new trial, *see* ECF No. 122, and in a recent mid-November 2019 order, I denied Defendant's motion for a change of counsel and to adjourn his sentencing set for December 3, 2019, *see* ECF No. 132. Now before me is a letter, dated November 19, 2019 (the "Letter"), in which Defendant—writing directly to the Court—repeats his requests for a postponement of his sentencing date, a new trial, and a substitution of his counsel. In the Letter, Defendant argues that his lawyer has failed to file motions to dismiss Counts Six and Seven of the operative indictment. Defendants' requests are denied.

As to the requests for an adjournment of sentencing and for a new trial, I have already rejected such motions in my prior orders. *See* ECF No. 122, at 5 ("I deny the Defendant's motion[] . . . to grant a new trial."); ECF No. 132, at 3 ("Sentencing has been ordered to take place on Dec. 3, 2019. This is an adjourned date. No further adjournments will be allowed."). I see no reason to revisit these denials.

The request for new counsel is similarly meritless. First, I have already held—indeed, mere days ago—that Defendant's counsel "has been ably advocating for [D]efendant,

and there is no reason to discharge him." ECF No. 132, at 3. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."); *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A] defendant may not insist on representation by an attorney he cannot afford."); *Caplin v. Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) (noting that while the Constitution "guarantees defendants in criminal cases the right to adequate representation," those "who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts"); *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993) ("The accused, however, does not have the absolute right to counsel of her own choosing.").

Second, Defendant's request for new counsel seems to me a "vehicle for achieving delay" with no convincing rationale given counsel's competent performance. *See, e.g., United States v. Llanes*, 374 F.2d 712, 717 (2d Cir. 1967) ("Judges must be vigilant that requests for appointment of a new attorney . . . should not become a vehicle for achieving delay."); *Sulaymonov v. USCIS*, 227 F. App'x 3, 6 (2d Cir. 2007) (if "a request for new counsel would require significant delay, it is well established that a district court has ample discretion to refuse to allow substitution . . .").

Third, Defendant's newfound contention that counsel failed "to file motions to dismiss count [sic] 6 & 7" because "the government was not able to proof [sic] all elements" can be swiftly rejected. Count Six charged Defendant with making or receiving a contribution of funds, goods, and services to and from Hizballah, in violation of 50 U.S.C. § 1705(a), 18 U.S.C. § 3238, and 31 C.F.R. §§ 595.204, 595.205, 595.311. *See* ECF No. 7, at 9. Count Seven

charged him with conspiracy to violate these same provisions. *See id.* At trial, I instructed the

jury that to convict on Count Six, the government must

> prove beyond a reasonable doubt: First, that the defendant violated an executive
> order or regulations issued pursuant to [the International Emergency Economics
> Powers Act ("IEEPA")]. Second, the defendant committed a violation or
> violations willfully. Third, that the defendant did not have a license issued by the
> office of foreign assets control to engage in the conduct that violated the
> executive order or regulations. Fourth, that there is some nexus or connection
> between the prohibited conduct and the United States.

ECF No. 115, at 960-61. I explained that the executive order at issue prohibited persons from

contributing goods, funds, or services to Hizballah. *See id.* at 962. I also noted that the parties

stipulated the third element to have been proven. *See id.* Count Seven, I explained, required

proof that Defendant conspired to commit the Count Six substantive charge, *i.e.*, that a

"conspiracy existed and that the defendant knowingly and intentionally joined it." *Id.* at 966.

The evidence easily met this burden. Among other things, the evidence adduced

at trial showed that Defendant admitted to law enforcement (on numerous occasions) that he had

traveled to Lebanon to undergo intensive Hizballah military training and thereafter engaged in

numerous surveillance missions on United States targets on behalf of Hizballah and under the

direction of Hizballah handlers, thereby contributing his services to Hizballah and proving that

he willfully joined with others in an unlawful conspiracy. *See, e.g.,* Trial Tr., ECF No. 107, at

234:23-235:17, 236:13-239:13, 240:14-21, 265:3-18, 271:7-276:4, 283:6-25.[1]

Defense counsel was not required to file what surely would have been frivolous

motions. *See United States v. Best*, 219 F.3d 192, 201 ("Actions or omissions by counsel that

might be considered sound . . . strategy do not constitute ineffective assistance. Counsel's

election to forgo an unsupported argument plainly falls in this category.") (quotation marks,

---

[1] In my previous order, I rejected Defendant's argument that these confessions to law enforcement lacked
corroboration. *See* ECF No. 122.

citations, and alterations omitted); *Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("[No] decision of

this Court suggests . . . that the indigent defendant has a constitutional right to compel appointed

counsel to press counsel to press nonfrivolous points requested by the client, if counsel, as a

matter of professional judgment, decides not to present those points.").

In sum, the requests in Defendant's Letter are denied in full. Sentencing shall

proceed as scheduled on December 3, 2019.


SO ORDERED.

Dated:      November 26, 2019
             New York, New York

                           ALVIN K. HELLERSTEIN
                           United States District Judge