UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                           :
UNITED STATES OF AMERICA                  :
                                                                                           :        **ORDER DENYING MOTION TO**
            -against-                                :        **AMEND PROTECTIVE ORDER**
                                                                                           :
ALI KOURANI,                                              :        17 Cr. 417 (AKH)
                                                                                           :
                                                     Defendant.          :
                                                                                           :
------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        In May 2019, Defendant Ali Kourani was convicted by a jury of several terrorism-related offenses. *See* ECF No. 117, at 9-11. Kourani has since appealed his conviction to the Second Circuit, and during the pendency of his appeal remains imprisoned at Metropolitan Correction Center in Manhattan ("MCC"). *See* ECF No. 142. Now before the Court is a motion by Kourani to amend a protective order in this case dated April 11, 2019 (the "Protective Order") to permit Kourani's counsel to send him "a compact disk containing" certain materials produced by the government pursuant to The Jencks Act, *see* 18 U.S.C. § 3500 (the "3500 Material"). *See* ECF No. 153. In Kourani's motion, he notes that he "has always had access to this material," as the Protective Order "allows him to review it in the presence of his attorney or paralegal working with his attorney." *Id*. at 2. However, Kourani seeks an amendment allowing him to review the material on his own, citing as justification the fact that "the MCC has curtailed legal visits due to the COVID-19 pandemic." *Id*. According to Kourani, the 3500 Material is too voluminous for him to review solely by way of phone calls with his counsel. *See id*.

        The government opposes, arguing as follows. The 3500 Material sought by Kourani contains information relating to five law enforcement witnesses and, "under the unique facts of this case, … unsupervised access to the 3500 Material would endanger law enforcement

sources and witnesses, and could potentially reveal law enforcement methods and techniques to Hizballah." ECF No. 154, at 1. Kourani "had access to all of these materials prior to and during the trial, and he does not explain why he, as opposed to his appellate counsel, must re-review the 3500 Material for purposes of the appeal." *Id*. The government notes that the "evidence at trial … established [Kourani's] history of attempting to collect information from Hizballah regarding U.S. law enforcement personnel and investigative tactics," *id*. at 2, that Kourani did not express any remorse for his support of Hizballah at his sentencing, *see id*. at 3, and that the MCC houses at least one other alleged Hizballah member, *see id*. What's more, disclosing the 3500 Material risks "compromising national security investigations if disclosed to Hizballah because many of those materials reveal details of the FBI's investigation that were not described at trial; describe law enforcement counterterrorism strategies; and contain identifying information for counter-terrorism agents who did not testify at trial." *Id*. at 5. Finally, the government contends that it would be unfair to amend the Protective Order now, as the government would have argued in the first instance to redact certain information if it had known that Kourani would later pursue access of the kind identified in the instant motion. *See id*. at 6.

   I agree with the government and deny Kourani's motion. The Protective Order "allow[s] … defendant to review and discuss the material with counsel," *United States v. Rivera*, 153 F. App'x 758, 760 (2d Cir. 2005), and Kourani has not explained why communicating with his counsel over the phone (to discuss materials available to Kourani since April of 2019) is not sufficient to allow for Kourani to effectively prepare his appeal before the Second Circuit. Nor does Kourani meaningfully rebut the government's worry that the history of this cases suggests that Kourani may be inclined to unlawfully disseminate the 3500 Material to the detriment of the safety of law enforcement personnel. *See, e.g., United States v. Garcia*, 406 F.Supp.2d 304, 306

(S.D.N.Y. 2005) ("There will be cases, however, in which a casual attitude toward the handling of 3500 material is ill-advised.  Any lawyer with experience in the criminal justice system knows that copies of witness statements or other discovery material are often passed from hand to hand within the prisons."); *cf. also United States v. Basciano*, No. 03 Cr. 929, 2006 WL 2270432, at *2 (E.D.N.Y. June 30, 2006) ("[P]rotective orders … are permitted in cases where legitimate security concerns support such an order.").  While Kourani suggests that "placing the documents on a CD would limit the disclosure of these materials," ECF No. 155, at 2, the government aptly responds that although this perhaps constrains distribution of hard-copy printed documents, it does little to stop Kourani from, *e.g.*, using a "contraband cellphone" or "shar[ing] the 3500 Material within the MCC with" other Hizballah sympathizers, ECF No. 156, at 1.  In short, I see no reason why virtual meetings between Kourani and his counsel to review the 3500 Material are insufficient, and considerable reason to be cautious about allowing Kourani unfettered access.  The motion is denied.

       The Clerk is instructed to close the open motion (ECF No. 153).

    SO ORDERED.

Dated:     June 3, 2020                        _____/s/_____
           New York, New York              ALVIN K. HELLERSTEIN
                                                 United States District Judge