UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES OF AMERICA,                                     :
:  **ORDER DENYING MOTION**
:  **FOR RETURN OF PROPERTY**
        v.                                                    :
:  17 Cr. 417 (AKH)
ALI KOURANI,                                                  :
:
                    Defendant.                                :
:
:
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On May 16, 2019, a jury convicted Defendant Ali Kourani of providing material support to a terrorist organization, along with six other charges related to his provision of support to Hizballah. The Second Circuit affirmed his conviction and sentence on July 27, 2021. *See United States v. Kourani*, 6 F.4th 345 (2d Cir. 2021). On September 24, 2021 Defendant Ali Kourani filed a motion for return of seized property pursuant to Fed. R. Crim. P. 41(g). ECF No. 162. On November 24, 2021, the Government filed its opposition. *See* ECF No. 167. Because I find that the government has an ongoing evidentiary interest in the property Kourani requests, the motion is dismissed, without prejudice.

## DISCUSSION

       Because Kourani's criminal proceedings have concluded, he no longer has any rights under the Federal Rules of Criminal Procedure and I must treat his application for return of

property under R. 41(g) as a civil complaint.[1] *See Viola v. United States*, 203 Fed.Appx. 366, 366 (2d Cir. 2006) (citing *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir.1994)).

Kourani requests the return of fifteen specific items, including $2,700 in cash, various documents, and three pieces of technology, as well as "all other documents and property seized from his place of residence and from his person at the time of his arrest." Pet'r Mot. at 1. The Government argues it maintains an interest in the seized property still in its possession, and that any items with no continuing evidentiary value were returned to Kourani's attorney. Opp'n Br. at 2.

Where "the Government asserts in good faith that it requires seized property for use as evidence in related criminal proceedings, the Government may continue to hold the property while its need for the property as evidence continues." *Vega v. United States*, 2001 WL 823874, at *2 (S.D.N.Y. July 20, 2001) (citing *United States v. Davis*, 2001 WL 47003, at *2 (S.D.N.Y. Jan. 17, 2001). The Government retains an interest in the evidentiary value of seized property until the defendant "exhausts his remedies or otherwise waives his right to institute any subsequent challenges to his conviction" because the property "would have evidentiary value in the event [a defendant's] conviction is overturned and a retrial ordered." *Mendoza v. United States*, 2011 WL 1345712, at *2 (S.D.N.Y. Apr. 4, 2011); *see also Lovelace v. United States,* 2001 WL 984686, at *4 (S.D.N.Y. Aug. 27, 2001) (Government retained an interest in property as evidence during pendency of habeas petition).

Here, the Government has made a good faith assertion that it has a continuing interest in the property it retains. In a separate motion filed in the case, Kourani stated that he planned to file a motion pursuant to 28 U.S.C. § 2255, *see* ECF No. 165, though he has not yet done so. Nearly all the property Kourani requests was admitted into evidence at trial; everything

---

[1] Rule 41(g) was previously Rule 41(e) until it was redesignated on December 1, 2002, without substantive change. *Adeleke v. United States*, 355 F.3d 144, 147 n. 1 (2d Cir.2004).

else was returned.  *See* Opp'n Br. Exs. B, C.  Additionally, the Government represents that "[a]bsent new information . . . it will, with limited exception, return the defendant's property following final resolution of his Section 2255 claims."  Opp'n Ltr., ECF No. 167, at 1 n.1.  Accordingly, I find that the Government has a continuing interest in the property identified in the motion.  *See Mendoza*, 2011 WL 1345712, at *2.

The motion is denied, without prejudice.  Kourani may renew his motion either when he waives his right to institute any subsequent challenges to his conviction, or when any such collateral attack is resolved, whichever is later.

SO ORDERED.

Dated:      January 3, 2022                              /s/ Alvin K. Hellerstein
            New York, New York                        ALVIN K. HELLERSTEIN
                                                      United States District Judge