IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
        Plaintiff,

v.

ALI KOURANI,
        Defendant.

Case No. 17-cr-417 (AKH)

DEFENDANTS' MOTION TO VERIFY THE TIME TO FILE HIS 28 U.S.C. S. 2255 MOTION AND REQUEST FOR EXTENSION OF TIME TO FILE THE SAME IN PRO SE

Comes now the Defendant ALI KOURANI, IN PRO SE, (hereafter referred to as "the Defendant") with his above captioned MOTION TO VERIFY THE TIME TO FILE HIS 28 U.S.C. S. 2255 PETITION/MOTION AND REQUEST FOR EXTENSION OF TIME TO FILE THE SAME IN THE PRO SE CAPACITY; and in so doing avers the following in support thereof:

I. THE DEFENDANT MOVES THE COURT FOR VERIFICATION AS TO THE TIME FOR THE FILING OF HIS S.2255 MOTION IN THIS CASE.

28 U.S.C. S. 2255(f) provides in relevant part that a motion pursuant to section 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." The United States Supreme Court has held that a judgment and conviction becomes final when the time expires for filing a Petition For Certiorari contesting the appellant's courts' affirmation of the conviction." See Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed. 2d 88(2003); accord Moshier v. United States, 402 F.3d 116, 118(2nd. Cir. 2005)(citations omitted).

Here, the Circuit affirmed Defendant-Kourani's conviction on July 27, 2021. Then, the Second Circuit denied the petitioners petition for rehearing by the panel or rehearing EN BANC on October 7th, 2021. (See APPENDIX-A) The Defendant moved the Supreme Court of the United States to extend his

-1-

time to file a PETITION FOR WRIT OF CERTIORARI, which the Clerk of The Court approved until March 7, 2022. (See APPENDIX-B)

The Defendant failed to file a WRIT OF CERTORARI in the Supreme Court due to the institutional lockdown where he was/is incarcerated because of the COVID-19 pandemic. As a result of the COVID-19 lockdown the Defendant became infected as a result. Accordingly, in late February, 2021, the Defendant had one year from March 7, 2022 to March 07, 2023 to file his petition. It appears that March 07, 2023 is the date by which the Defendant must file his S.2255 petition. The Defendant hereby moves the Court to verify the March 07, 2023 date as the date for the filing of the Defendants' S.2255 in this case.

The Court should understand and be aware that the Defendant is currently confined to the "Communication Management Unit" at the United States Penitentiary, Marion, Illinois. See BOP Program Statement 5214.02 and <u>Aref v. Lynch</u>, et al., 833 F.3d 242(D.C.Cir. 2016). Due to the circumstances beyond the Defendants' control and the movants' various health conditions, all the mail deliveries were delayed and postponed, which led to missing important discovery and court transcripts, complexity of the legal issues at hand, and the fact that the Defendant has/had little experience in litigating motions and with no legal assistance. The Defendant respectfully asks the Court for an additional (60) days from March 07, 2023, up to and including May 07, 2023. The Defendant envisions that the Court will have and review his petition before March 07, 2023. The Defendant asks the Courts' indulgence and allow him to bring to your honors' attention the hardship(s) the Defendant is facing in writing his S.2255 petition/motion. As the Defendant has explained in prior motions he is missing most of the discovery in this case; and the government never reached out

-2-

to the Defendant to arrange the transfer or acquisition of the case file discovery in this case; and, even with their awareness that I'm proceeding, IN PRO SE, coupled with the fact that my trial and appellate attorney sent all the discovery back, I am at a loss to be able to move forward with any meaningful ability to prosecute my S. 2255 petition. The Complexity of my legal issues at hand, for example, as to COUNT#8, NATURALIZATION FRAUD, where the case law in United States v. ALEXI SAAB this Court appointed him an immigration C.J.A Panel attorney, while I was falsely and deliberately charged with that count with no help. . .especially now when I need it most. The harsh sentence. . .which is equivalent to a life sentence. . . require the interests of justice to be served in my case with a full and fair presentation of the arguments on collateral attack, and necessitate the appointment of counsel. In so doing it is the Defendants' request that your Honor will consider appointment of counsel in this case, on my behalf, due to the complexity of issues and the attendant harships I face in my austere form of confinement at this time.

Dated: December 27, 2022

Respectfully submitted,

*/s/ Ali Kourani*
ALI KOURANI
DEFENDANT-IN PRO SE
ADDRESS: #79196-054
P.O. BOX 1000
Marion, Il 62959

CERTIFICATE OF SERVICE

I, the undersigned, hereby place my MOTION TO VERY TIME AND EXTENSION OF TIME in the "Prison Mailbox" for delivery in the U.S. Mail, postage prepaid, this 27th day of December, 2022, to all parties.

S/ *Ali Kourani*
ALI KOURANI

19-4292-cr
*United States v. Kourani*

Appendix A -

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2020

No. 19-4292-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

ALI KOURANI, AKA ALI MOHAMED KOURANI, AKA JACOB LEWIS, AKA DANIEL,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: APRIL 13, 2021
DECIDED: JULY 27, 2021

Before: KEARSE, CABRANES, AND POOLER, *Circuit Judges.*

Appendix - A

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-one.

United States of America,

      Appellee,

v.

**ORDER**

Docket No: 19-4292

Ali Kourani, AKA Ali Mohamed Kourani, AKA Jacob Lewis, AKA Daniel,

      Defendant - Appellant.

Appellant, Ali Kourani, filed a petition for panel rehearing, or, in the alternative, for rehearing *en banc*. The panel that determined the appeal has considered the request for panel rehearing, and the active members of the Court have considered the request for rehearing *en banc*.

IT IS HEREBY ORDERED that the petition is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

Appendix - B

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC 20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

January 20, 2022

Mr. Ali Kourani
Prisoner ID 79196-054
USP Marion
P.O. Box 1000
Marion, IL 62959

Re: Ali Kourani
v. United States
Application No. 21A346

Dear Mr. Kourani:

The application for an extension of time within which to file a petition for a writ of certiorari in the above-entitled case has been presented to Justice Sotomayor, who on January 20, 2022, extended the time to and including March 7, 2022.

This letter has been sent to those designated on the attached notification list.

Sincerely,

Scott S. Harris, Clerk

by
Lisa Nesbitt
Case Analyst

Ali Kourani 19196-054
USP Marion
P.O. Box 1000
Marion, IL 62959

December 29, 2022
8 legal pages Pro Se
EN

RECEIVED JAN 23 2023 CLERK'S OFFICE S.D.N.Y.

⟡79196-054⟡
Clerk Of The Court
S. District OF NEW YORK
500 Pearl ST
US District Court
NEW YORK, NY 10007
United States

Southern District of New York
Clerk of the Court
500 Pearl St.
New York, NY 10007

CERTIFIED MAIL
7021 2720 0001 8199 1695

10007-131508

