The motion for reproduction is denied, since the petition for section 2255 review was denied. *See* ECF No. 190.

SO ORDERED.
/s/ Alvin Hellerstein, U.S.D.J.
June 12, 2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2023 JUN -9 PM 3: 13

Ali Kourani # 79196054
   Movant,

Vs.

United States of America
   Defendant,

Case No. 23-CV-2265 (AKH)(GWG)
       17-CR-0417-1(AKH)(GWG)

MOTION FOR MOVANT'S DEMAND FOR DISCOVERY AND INSPECTION
(Fed. R. Crim. P. 16(a))

1. In a letter to AUSA Amanda L. Houle, dated May 9th, 2023, the movant demanded the REproduction of all previous produced discovery on his case, so that the movant can urgently use it for his §2255 proceedings. See attached EXHIBIT (A), Letter to AUSA.

2. The movant gave the AUSA till May 31st, 2023, to comply with his discovery demands.

3. As of May 31st, 2023, AUSA Houle didn't comply with such discovery requests neither did she reply to the Movant letter.

4. The Movant, here, move this court to: order the defendant to comply with Fed. R. Crim. P. 16 (a) and REproduce all the demanded material as stated in Exhibit (A), order prohibiting the government from introducing and /or using of any such discovery, the Movant Mr. Kourani, have no access to, in any further legal proceedings, or both.

Dated June 1st, 2023

Respectfully submitted,
Ali Kourani #79196054
USP Marion
P.O.Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE

I, here certify that I personally handed my motion to BOP employee for mailing, first class, postage paid on June 1st, 2023, to be mailed to: United States Attorney's office/ AUSA Houle/ One St. Andrew's Plaza /New York, NY 10007
Dated: June 1st, 2023

Submitted,
Ali Kourani #79196054

EXHIBIT (A)

TRULINCS 79196054 - KOURANI, ALI - Unit: MAR-I-A

---

FROM: 79196054
TO:
SUBJECT: Discovery Request
DATE: 05/09/2023 06:17:26 PM

To AUSA on this case,

Pursuant to Rule 16(a) of the Fed. R. Crim. P., Ali Kourani, the defendant in this action, demand the Preproduction of all previously produced discovery on this case NO. (17-cr-417(AKH)). The discovery request include two parts:
Part One:
1- The discovery the defendant used to have on a "black hard drive" that was held all the time by the educational department at MCC- New York. The "black hard drive" was either lost in transit or was never shipped from MCC, that was shut down, to USP Marion, where the defendant is currently incarcerated.
2-All the discovery under protection order, such as the 3500 material and others, that was sent back to the AUSA office by the defendant's last appeal attorney, Peter Tomoa, who stated this fact to the defendant in a written letter.
3- All the exhibits / discovery that was used case-in- chief, the trial and in the same form -if possible- it was presented in the court to the jury during trial (for example during, at the the closing argument, the government did present an image of the defendant and then two "animated" Hezbollah flags that slide behind him in the background". Please place such exhibit in a separate electronic fil / folder titled "trial exhibit/ discovery"
4- If subsequent to the original production time, before trial, of the above described discovery and/ or after the trial, the government discovers/ed additional evidence and/ or legal assessments and/ or material that responds to the requests set out in this demand and that is subject to discovery or inspection under Criminal Rule 16 or any other "rule", "statute", "CASE", or "order of the court of this case", the government must promptly produce such subject matter material in a different file/ folder with an explanation letter for the such discovery.
The material sought by this demand, Part One, must be produced for examination as provided for in Rule 16 of the Fed. R. Crim. P. before May 20th, 2023, to the defendant in this action, Ali Kourani (79196054), incarcerated at USP Marion, CMU _ P.O. Box 1000 _ Marion, IL _ 62959. The government could seek the assistance of my case manager J. Polley, for further instructions on delivery / examining such discovery.
If the government fails to comply with the terms of this demand, at the specified date, the Defendant will move for an order compelling compliance, an order prohibiting the government form introducing / using, which considered undisclosed discovery, at any further legal proceeding or both.

Part Two:
Attached to this letter two "sample forms" for motion for immediate disclosure of specific favorable evidence, which the defendant has NEVER examined before, even though the government "could" could have previously produced them to the defendant's attorney. Such requested discovery, if existed, may be essential to support the grounds of the 2255 motion, the defendant has raised. I humbly ask to produce or reproduce all such discovery, as mentioned in the two " sample form motions" as soon as possible, by May 20th 2023, taking in concerns the due dates on the 2255 motion. If the government feel that they are not obliged to produce such discovery, please state the reasons in a written letter, as by then the defendant can submit such motions to the court to resolve.
Please send such discovery to the above mentioned address of the defendant and you can also reach out to the case manager J. Polley for any further instructions.
Please make sure that the defendant in this case is kept updated on the delivery of all mentioned discovery. If the government choose to send the discovery through the case manger Polley, also notify the defendant as soon as possible. The requested discovery is needed in an urgent timely matter and as soon as possible by the dates suggested, any unreasonable delays will be brought to the attention of the court. Any refusal to comply with the Criminal Rules, laws, cases, statutes or other, cases will result in other legal measures.

Dated: May 9th, 2023

Respectfully summited,

Ali Kourani (79196045)
USP- Marion
P.O. Box 1000
Marion, IL 62959

|  | UNITED STATES DISTRICT COURT |
|---|---|
| SOUTHERN | District of NEW YORK |

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>ALI KOURANI [Name of Defendant],<br>Defendant | Docket No. 17-CR-417 (AKH)<br><br>**MOTION TO COMPEL<br>DISCLOSURE OF<br>EXCULPATORY** EVIDENCE |

*Relief Sought*

Defendant ALI KOURANI [*name of defendant*] moves this Court for an order compelling the government to produce, to the extent that it is available to the government, the following exculpatory and impeachment material:

1. The name and address of every person that the government has interviewed in connection with this case, that possesses information relevant to the issue of the defendant's guilt or innocence, and whom the government does not intend to call as a witness at trial.

2. Any written statements, transcripts, recordings, summaries, or notes of oral statements given by any person described in Request No. 1, above.

3. Documents or tangible evidence bearing on the guilt or innocence of the defendant, on the credibility of any witness, or on the reliability of any document or tangible evidence.

4. The name, address, and telephone number of any person who has received or benefitted from any payment or grant or promise of immunity or other favorable consideration, direct or indirect, from the government in connection with the investigation or prosecution of this case.

1

5. Copies of or permission for the defense to inspect and copy any document in the possession of the government that authorizes, approves, implements, or evidences a payment, promise, or grant described in Request No. 4, above.

*Grounds for Relief*

1. Each of the requests sought by this motion is justified under the doctrine established in the leading case of Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

2. The identity and statements of witnesses that are *not* favorable to the government and that the government does *not* intend to call may be essential. As the Supporting Affidavit of __ALI KOURANI (2255 Motion)__ shows, the government has not completely opened its files to the defense in this case. The defense thus has no way of knowing what witnesses were located by the police or other government investigators, or what they had to say. The defense has no comparable resources. Because the prosecution is, under *Brady,* "presumed to have knowledge of all information gathered in connection with the government's investigation" [*United States v. Payne,* 63 F.3d 1200, 1208 (2d Cir. 1995)], there is no burden in charging the prosecutor with reviewing this evidence to determine whether there is any exculpatory or impeachment evidence that should be disclosed under *Brady.* Any conviction obtained without fulfilling this obligation may well be overturned on that basis. After all, the Supreme Court has explicitly stated that "[i]f evidence highly probative of innocence is in [the prosecutor]'s file, [the prosecutor] should be presumed to recognize its significance, even if he [or she] has actually overlooked it." United States v. Agurs, 427 U.S. 97, 110, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976).

3. The requests for information concerning payments or promises made to government witnesses has been explicitly held to be *Brady* material that the government must disclose. *See, e.g.,* Giglio v. United States, 405 U.S. 150, 154–155, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *United States v. Boyd,* 55 F.3d 239, 244 (7th Cir. 1995) (conviction reversed for failure to disclose benefits paid to government witness); *United States v. Schaffer,* 789 F.2d 452, 454–455 (9th Cir. 1986) (failure to disclose cooperation agreement mandated new trial).

4. Because the material sought in this motion is so clearly

2

authorized by *Brady* and its progeny, it is essential that the government be ordered to disclose it in a prompt manner. The courts have recognized that any tardiness on the part of the government may prevent the defense "from employing the material to good effect." *United States v. Innamorati,* 996 F.2d 456, 480 (1st Cir. 1993).

*Supporting Materials*

This motion is based on this document, on the Supporting Affidavit of __ALI KOURANI'S (2255 MOTION)__ the proof of service of these documents and on all of the pleadings and papers already on file in this case.

Dated: __May 10, 2023__

By: _____ *[signature]*
__ALI KOURANI__ *[typed name]*
Reg. 79196-054 -USP-MARION

__P.O. Box 1000__ *[address]*
__Marion, Illinois 62959__

3

## MOTION FOR IMMEDIATE DISCLOSURE
## OF FAVORABLE EVIDENCE

### Relief Sought

Defendant, __ALI KOURANI__, moves the Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, that is favorable to the defendant and is material to the issues of his guilt, innocence, or sentencing, or that bears on the credibility of a government witness, or that consists of documents or tangible objects that are material to the preparation of the defense or are intended for use by the government as evidence at trial.

The information requested includes, but is not limited to, the following:

1. Any and all documents and information regarding the defendant's mental health history.

2. The name, last known address, and prior statements, grand jury testimony, or memoranda of interview, if any, of any individual whose testimony would be favorable to the defendant in any way or consistent with the defendant's innocence.

3. The name, last known address, and prior statements or memoranda of interview, if any, of any individual whose testimony would contradict or be inconsistent with the expected testimony of any witness for the government, regardless of whether the government intends to call that person as a government witness.

4. Any documentary evidence or information that contradicts or is inconsistent with the expected testimony of any witness for the government.

5. Any prior statements of a witness for the government that are inconsistent with his or her expected trial testimony.

6. The name, address, and prior statements or memoranda of interview, if any, of any individual who has been interviewed by the government who had knowledge of the activity alleged in the indictment or was present when the events in question occurred and who failed to implicate the defendant in this activity.

7. Any and all books, papers, records, or documents that contain evidence favorable to the defendant or are consistent with the defendant's innocence or are material to the preparation of the defense or are intended for use by the government as evidence at trial.

8. Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony. This includes any plea agreement entered into between the government and the witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the government at any other trial, grand jury, or other proceeding, or is furnishing data or information to the government.

9. An accounting of any money paid to any witness by the government including, but not limited to, rewards, subsistence payments, expenses, or payments made for specific information supplied to the government.

1

10. Any assistance provided by any attorney or agent of the government to a witness for any reason.

11. The criminal identification and history sheet of each government witness.

12. Any criminal charges pending against any government witness that have not been disposed of either by conviction, plea, or acquittal.

13. Any criminal activity in which a government witness has engaged that has not resulted in prosecution or conviction.

14. The results of reports of any scientific, or any other, examinations or tests performed by the government on any evidence in this case.

## Grounds for Relief

1. Defense counsel has received from the government certain information and documents pursuant to Local Rule  X . As the Court and the government are aware, that Rule requires the government to provide defense counsel with, among other things, "any evidence favorable to the defendant."

2. Defense counsel has no reason to believe that the government has failed to comply with this requirement. However, this motion is nonetheless required in order to preserve on the record any issues under Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 and its progeny, as the protections afforded under those authorities are, to a certain extent, contingent on a defense request. See United States v. Agurs, 427 U.S. 97, 106, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976) (in post-trial claims for denial of due process, there is lower standard for measuring relevancy of material not disclosed than when no request has been made).

## Record on Motion

This motion is based on this document, on the Certificate of Service of this document, and on all of the pleadings and papers already on file in this action.

Dated: May 10, 2023

c/o. USP-MARION
P.O. Box 1000
Marion, Illinois 62959

Certify true and correct [28 USC § 1746].

By: /s/ 
Ali Kourani:

2

