UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
UNITED STATES OF AMERICA                :
                                                                  : **ORDER AND OPINION**
                                                                  : **DENYING § 2255 PETITION**
               -against-                    :
                                                                  : 17 Cr. 417 (AKH)
                                                                  : 23 Civ. 2265 (AKH)
ALI KOURANI,                                                      :
                                         Defendant.  :
---------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

     Defendant Ali Kourani, proceeding *pro se*, petitions to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. Specifically, he contends that (i) the Court erroneously admitted "inflammatory and irrelevant" evidence against him at trial; (ii) the Government engaged in prosecutorial misconduct; (iii) the Government failed to disclose exculpatory material; (iv) his conviction violated the Speedy Trial Act; (v) he received the ineffective assistance of counsel; (vi) his sentence was substantively and procedurally unreasonable; (vii) the evidence was insufficient to support his convictions; (viii) his statements to law enforcement agents should have been suppressed; and (ix) his indictment contained multiplicitous counts. These claims are meritless, and I deny Kourani's petition.

## BACKGROUND

     I accept the facts as proven at trial. *See* ECF Nos. 105-17. Kourani worked as an operative for Hizballah, a designated terrorist organization, in the United States. A member of the Islamic Jihad Organization ("IJO"), Hizballah's external attack-planning component, he entered the United States under false pretenses in 2003 by concealing his ties with the terrorist group, and obtained U.S. citizenship in 2009 through such deceit. Having received extensive

1

military training from Hizballah, he was deployed by the IJO to plan, and help execute, terrorist acts around the New York City area. Kourani conducted surveillance of international airports, government buildings, and military facilities, reporting his findings to his IJO handler in Lebanon. He also conducted research on Israeli military veterans residing in the New York City area for targeted assassinations, and helped Hizballah identify weapons suppliers and storage facilities in the United States. And Kourani also used his U.S. passport to travel to a Chinese province to explore the manufacture of ammonium nitrate explosives.

Kourani was arrested in 2017, and charged of various terrorism-related offenses. ECF No. 1. He proceeded to trial in 2019, at which a jury convicted him of all counts of the indictment: (i) providing material support to a terrorist organization, in violation of 18 U.S.C. § 2339B (Count One); (ii) conspiracy to provide material support or resources to a terrorist organization, in violation of 18 U.S.C. § 2339B (Count Two); (iii) receiving military-type training from a terrorist organization, in violation of 18 U.S.C. § 2339D (Count Three); (iv) conspiracy to receive military-type training from a terrorist organization, in violation of 18 U.S.C. § 371 (Count Four); (v) conspiracy to use and carry machine guns and destructive devices during and in relation to Counts One through Four, in violation of 18 U.S.C. § 924(o) (Count Five)[1]; (vi) contributing services to a terrorist organization, in violation of 50 U.S.C. § 1705(a) (Count Six); (vii) conspiracy to contribute services to a terrorist organization, in violation of 50 U.S.C. § 1705(a) (Count Seven); and (viii) naturalization fraud to facilitate an act of terrorism, in violation of 18 U.S.C. § 1425(a) (Count Eight). *See* ECF No. 7. On December 3, 2019, I sentenced Kourani to 480 months' imprisonment. ECF No. 141. Kourani then filed a direct

---

[1] Count Five was dismissed pursuant to the Government's motion following the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019). *See* ECF No. 131.

appeal to the Second Circuit, which was denied in 2021. *See United States v. Kourani*, 6 F.4th 345 (2d Cir. 2021). This § 2255 petition followed.

## LEGAL STANDARD

Much of Kourani's claims have already been rejected by the Court of Appeals, or could have been argued on his appeal. "It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (quoting *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001)). Additionally, challenges that could have been, but were not, brought on direct appeal are procedurally defaulted from being raised in a § 2255 petition, absent cause for the failure and prejudice resulting therefrom. *See, e.g., United States v. Pena*, 58 F.4th 613, 620-21 (2d Cir. 2022); *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.").

Kourani also claims that his defense attorneys, both at trial and his appeal, were Constitutionally inadequate. The Sixth Amendment of the Constitution guarantees federal felony defendants the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To successfully establish entitlement to collateral relief on the basis of ineffective assistance of counsel, a defendant must (1) overcome the presumption that his representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) show that "but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

In reviewing a claim of ineffective assistance of counsel, I "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that 'there are countless ways to provide effective assistance in any

3

given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689). "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision," *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996). Specifically, a defense attorney's decision "to forgo an unsupported argument" does not constitute the ineffective assistance of counsel, *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000), since "[c]ounsel certainly is not required to engage in the filing of futile or frivolous motions." *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987).

## DISCUSSION

### A. Barred Claims

Kourani failed to raise his arguments concerning the admission of evidence at trial, prosecutorial misconduct, *Brady* and Jencks Act violations, Speedy Trial Act violations, and multiplicitous counts on direct appeal. And he has given no good reason why he did not do so. *See, e.g., Thorn*, 659 F.3d at 231. Thus, his claims are procedurally barred. *See, e.g., Pena*, 58 F.4th at 620-21. Additionally, Kourani's contentions regarding the sufficiency of the evidence, the admissibility of statements he made to federal agents, and the reasonableness of his sentence were already rejected by the Second Circuit on direct appeal, and may not be recycled and relitigated here. *See, e.g., Pitcher*, 559 F.3d at 123.

Moreover, on the merits, these claims are unavailing. The admission of photographs of Kourani, his associates and weapons, as well as evidence of Kourani's internet search activities, was not improper. By definition, evidence admitted against a party tends to be prejudicial. But, as here, the "[e]vidence is not unfairly prejudicial when it 'does not involve conduct more inflammatory than the charged crime.'" *United States v. Avila*, 2024 WL 413408 (2d Cir. May 6,

4

2024) (quoting *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999)). Notwithstanding Kourani's broad, conclusory allegations that the Government engaged in prosecutorial misconduct and violated its *Brady* and Jencks Act obligations, he fails to provide any facts supporting these accusations. *See Chrysler v. Guiney*, 14 F. Supp. 3d 418, 450 (S.D.N.Y. 2014) ("Conclusory or speculative allegations that the Government failed to disclose evidence are insufficient to support a *Brady* violation."). No Speedy Trial Act violation occurred here since time was repeatedly excluded in the interest of the ends of justice. *See* 18 U.S.C. § 3161(h)(7). Moreover, any objection to this end was waived since Kourani did not raise it prior to trial. 18 U.S.C. § 3162(a)(2). And related charges are not multiplicitous, as here, "if each requires proof of a fact that the other does not." *United States v. Seda*, 978 F.2d 779, 780-81 (2d Cir. 1992). Accordingly, I reject these arguments.

### B. Ineffective Assistance of Counsel

Kourani's ineffective assistance of counsel arguments fare no better. In his petition, he argues that his trial counsel, *inter alia*, allegedly failed to (i) "issue a protective order"; (ii) object to the introduction of communications between Kourani and his then-wife; (iii) seal his proceedings; (iv) ask me to recuse myself from this case; (v) object to venue; (vi) move to dismiss the indictment after the Government "attempted [to] murder and assassinate[e] the Defendant in Beirut, Lebanon"; (vii) request a letter from the Government declaring Kourani's innocence; (viii) call expert witnesses on Middle Eastern politics and the credibility of FBI agents; and (ix) object to evidence derived from his Facebook account and laptop; as well as (x) entered into stipulations to the admissibility of various items of evidence with the Government. He also argues that his appellate counsel, too, was ineffective for not raising certain points in his appellate brief. Many of Kourani's arguments are wholly baseless, and they all lack merit.

5

A defense attorney need not raise unsupported arguments that are destined to fail, and doing so does not constitute the ineffective assistance of counsel. *See, e.g., Best*, 219 F.3d at 201. Moreover, an attorney who lodges baseless objections and arguments runs the risk of diminishing his credibility in the eyes of the judge and jury, thereby hurting his client. Here, there is no evidence that the Government attempted to kill Kourani in Lebanon. There was no basis to have recused myself in this case, *see* 28 U.S.C. § 455, nor was there any basis for Kourani's counsel to request the Government write a letter declaring the innocence of the man they were prosecuting for terrorism. Trial counsel's decisions as to whether to call expert witnesses, *Best*, 219 F.3d at 201-02, as well as stipulations to the admissibility of certain evidence, *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005), are matters of trial strategy, and are thus "virtually unchallengeable." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Only a court may issue a protective order, *see* Fed. R. Crim. P. 16(d)(1), which the parties stipulated to in this case. ECF No. 13. The "Sixth Amendment creates a presumption of openness," *United States v. Laurent*, 33 F.4th 63, 95 (2d Cir. 2022), only permitting closure of criminal proceedings to the public under limited circumstances. *Ayala v. Speckard*, 131 F.3d 62, 69 (2d Cir. 1997). Here, Kourani provides no legitimate basis for sealing the suppression hearing or trial from the public, and there was no "overriding interest that [would have been] likely to be prejudiced" to justify sealing. *United States v. Smith*, 426 F.3d 567, 571 (2d Cir. 2005) (citing *Waller v. Georgia*, 467 U.S. 39, 48 (1984)). Kourani's contentions regarding venue also lack merit, and thus, trial counsel acted reasonably in not objecting thereto. *Nersesian*, 824 F.2d at 1322. Indeed, the jury found that venue existed in this District by a preponderance of the evidence, and that his naturalization interview occurred on Long Island does not negate the fact

that he took overt acts in furtherance of procuring his naturalization, contrary to law, in this District. *See United States v. Svoboda*, 347 F.3d 471, 482 (2d Cir. 2003).

In a similar vein, Kourani's counsel did not act unreasonably in refraining from raising meritless evidentiary objections at trial. "In order to succeed on a claim that counsel was ineffective by failing to object, a petitioner must posit a meritorious objection." *Wolfson v. United States*, 907 F. Supp. 2d 418, 423 (S.D.N.Y. 2012). Here, Kourani fails to do so. There was no basis to object to the admission of evidence from Kourani's Facebook accounts, which were registered to his e-mail address and telephone number, among other indicia of his ownership. *See Krasniqi v. United States*, 195 F. Supp. 3d 621, 634 (S.D.N.Y. 2016) ("self-serving, uncorroborated, and improbable assertions" are insufficient to establish ineffective assistance of counsel). Nor was Kourani's trial counsel ineffective in failing to raise a marital communications privilege objection as to messages between Kourani and his then-wife. Kourani waived this privilege, if it existed in the first place,[2] by speaking with federal agents at length, during a voluntary interview prior to his arrest, regarding conversations he had with his wife. *United States v. Pugh*, 162 F. Supp. 3d 97, 113 (E.D.N.Y. 2016) ("[A]ny disclosure of marital communication destroys the privilege."), *aff'd* 937 F.3d 108 (2d Cir. 2019). Moreover, trial counsel made the strategic decision to spin a text message Kourani sent to his then-wife referencing "fake shit," carrying the implication that Kourani's educational pedigree served as a cover for his terroristic activities, to instead mean that Kourani was involved in the sale of counterfeit goods, and thus defeat the inference that Kourani was a Hizbollah operative. ECF No.

---

[2] While cross-examining Federal Bureau of Investigation Special Agent Kerri Shannon at trial, defense counsel asked if Shannon "understood from speaking to [Kourani] and [the FBI] investigation that [Kourani] and his wife were having their marriage dissolved essentially, right?" ECF No. 109 at 6; Trial Tr. at 398. *See In re Witness before Grand Jury*, 791 F.2d 234, 238 (2d Cir. 1986) (marital communications privilege does not apply to statements made between a couple who are permanently separated).

7

115 at 81-82; Trial Tr. at 890-91. Accordingly, irrespective of the marital communications privilege, tactical decisions of this sort are "virtually unchallengeable." *Gaskin*, 364 F.3d at 468.

Kourani's claim of ineffective assistance of counsel in his appeal also fails. It is well-settled that appellate counsel may choose, for strategic reasons, to raise only the most promising issues in an appellate brief. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *see also* Second Circuit Local Rule 28.1.1 (imposing word count limitations on appellate briefs). Since Kourani lacks the "right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points," *Jones*, 463 U.S. at 751, a *fortiori*, Kourani does not have the right to have compelled his appellate counsel to raise these baseless, frivolous arguments in an appellate brief.

Accordingly, as to both Kourani's trial and appeal, I cannot say that "counsel[s'] representation fell below an objective standard of reasonableness" here, *Strickland*, 466 U.S. at 688, and thus, I deny Kourani's ineffective assistance of counsel claims. The remainder of Kourani's contentions are likewise meritless, and I reject them in their entirety.

## CONCLUSION

Accordingly, I deny Kourani's § 2255 petition. Since "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no fact hearing is necessary. 28 U.S.C. § 2255(b). And because Defendant has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a Certificate of Appealability.

The Clerk of Court shall mail a copy of this order to Kourani.

SO ORDERED.

Dated:  February 24, 2025
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

8